NILES v. MASON.

WILLS—CONSTRUCTION—PERPETUITIES—LIFE ESTATE.

* N. devised all his estate, real and personal, to M., as trustee, with power to sell all his real and personal estate; to invest and reinvest the proceeds thereof as he should deem fit; the trust fund to be used: (1) To pay all his debts and funeral expenses; (2) $100 to his son Warren, the complainant; (3) a stipulated sum to his sister each and every month during her life, contingent upon her remaining unmarried; (4) to pay annually one-half of the income to his son Charles during his life, and the other half of said income to his daughter during her life; (5) upon the death of his son Charles, to pay one-half of the principal to the children of Charles, but, if no issue survive his son, then to pay one-half to the children of his daughter; (6) upon the death of his daughter, to pay one-half of the principal to her children, but, if no issue survive her, then to pay the same to the children of his son Charles; (7) upon the death of either his son Charles or his daughter without issue, to pay the entire net income to the survivor of the two during his or her life; (8) if both of said children die without issue, then his entire estate shall be vested in the brother of the deceased, and his heirs, forever.    Held:

1. That the devise was for more than two lives in being, and was therefore void.

2. That the statute against perpetuities applies to a case where the trustee is authorized to sell the real estate and other property of the deceased, but is required to immediately reinvest it.

3. The provision for the life estate devised to the sister is good

Appeal from Wayne; Rohnert, J.    Submitted January 11, 1901.    Decided May 7, 1901.

Bill by Warren J. Niles against Joseph T. Mason, executor of the last will and testament of Ira Niles, deceased, Charles P. Niles, Lottie Niles Jupp, Arthur Niles Jupp, Sarah M. Niles, and Charles W. Niles, for a con-

* Head-notes by GRANT, J.

struction of said will. From a decree sustaining the will in its entirety, complainant, and defendant Charles P. Niles, appeal. Modified.

Ira Niles died testate, leaving three children, complainant, and defendants Charles P. Niles and Lottie Niles Jupp, a grandson, Arthur Niles Jupp, a brother, and a sister, the defendants Sarah M. Niles and Charles W. Niles. The will is as follows:

"I hereby grant, devise, and bequeath all my estate, real and personal and mixed, to Joseph T. Mason, of said city of Detroit, as trustee, and in trust for the uses and purposes herein below set forth, to wit:

"1. To collect all rents, profits, insurance, and other moneys due the estate upon all real and personal property; to buy, sell, lease, repair, and assign any and all of my estate, both real and personal; to invest and reinvest the proceeds thereof in any manner he may deem fit; and to do all acts and pay all necessary expenses for the care, protection, and management of my estate in my stead.

"2. To pay all my just debts and funeral expenses.

"3. To pay the sum of one hundred dollars to Warren J. Niles, if he makes himself known in person to said Joseph T. Mason within two years from the date of my demise.

"4. To pay the sum of twelve and 50-100 dollars to Sarah M. Niles upon the first day of each and every month during her life, contingent upon her remaining unmarried. Upon the event of her marriage the said legacy to cease, and to become part of the income hereinafter provided for.

"5. To pay annually one-half of the income from my entire estate, real, personal, and mixed, after the payments above set forth, to my son Charles P. Niles during his life, and the other half of said income to my daughter, Lottie Niles, during her lifetime.

"6. Upon the death of my son Charles P. Niles, to pay one-half of the principal of my estate to his children in equal proportions. If no issue survive him, then the same to be paid to the children of my daughter, Lottie Niles, in equal proportions, upon her death.

"7. Upon the death of my daughter, Lottie Niles, to pay one-half of the principal of my estate to her children

in equal proportions. If no issue survive her, then the same to be paid to the children of my son Charles P. Niles in equal proportions, upon his death.

"8. Upon the death of either of my children Charles P. Niles or Lottie Niles, leaving no issue, the entire net income of my estate shall be paid to the survivor of the two during his or her life.

"9. In the event of the death of both of my children Charles P. Niles and Lottie Niles without issue, my entire estate, both personal and real, shall be vested in my brother, Charles W. Niles, and his heirs, forever.

"10. The share of any grandchild who may be a minor upon the death of his father, he being my son Charles P. Niles, or of his mother, she being my daughter, Lottie Niles, shall be under the care and direction of said trustee, or his successor, as the agent of said grandchild, during his or her minority.

"11. In the event of the death of said Joseph T. Mason, trustee, before full execution of this trust, I hereby direct that the trust pass to such person as the court of chancery may direct, as in such case under the statute made and provided.

"12. I hereby appoint Joseph T. Mason the executor of this, my last will and testament, and desire that his bond therefor, as well as such bond as he may be required to furnish as trustee hereof, may be merely nominal."

The value of the estate as per inventory was $28,325. The income from it, as shown by the testimony, is from $1,400 to $1,600 per year. The court entered a decree sustaining the will *in toto.*

*Lloyd L. Axford* ( *James H. McDonald*, of counsel ), for complainant, and for defendant Charles P. Niles.

*H. M. & D. B. Duffield*, for remaining defendants.

GRANT, J. ( *after stating the facts* ). 1. The evident intention of the testator was to follow the Palms will, which was in the main upheld in *Palms* v. *Palms,* 68 Mich. 355 (36 N. W. 419). The only real difference between the will of Mr. Palms and the will of Mr. Niles is the clause in the latter will by which he devised to his sister an annuity of $12.50 per month during her life, and

burdened his entire estate with the payment of that annuity. No such provision is found in the will of Mr. Palms. With that provision eliminated, this case would fall directly within the *Palms Case.* The claim of the appellants is that this case is ruled by that of *Dean* v. *Mumford,* 102 Mich. 510 (61 N. W. 7). In that case the widow of the testator was given a life estate in the homestead, and the executors, who were in fact trustees, as in this case, were to pay the widow $1,500 per year during her life. It was there held, and in fact conceded, that the fifth clause of the will of Mr. Dean restrained alienation for the period of two lives in being. The question, therefore, was, Did the provision for the widow include another life, and render the subsequent provision void, under the statute against perpetuities? It was held that it did. The construction cannot be influenced by the amount of the annuity. The same conclusion would have been reached in the *Dean Case* if the annuity had been $150 per year, as in this case, or $1,500, as in that. As in that case, so in this, the entire estate was burdened with the annuity; and, if necessary, the entire income must be appropriated to pay it. The circuit judge, in a written opinion, held that, if he applied the rule in the *Dean Case,* the will must fall. The circuit judge reached his conclusion by holding that section 9 of this will was of no force or effect, and should be considered as though not written in the will, because both of the children Charles and Lottie were living at the time of his death, and that the provision for his sister, Sarah, would cease upon the death of both children Charles and Lottie. In other words, he reads into section 4 a further contingency, viz., that if his children Charles and Lottie should die before his sister, then the annuity to his sister should cease. We think the judge erred in this conclusion. The intent of the testator to provide this amount for his sister during her life is clear. The only condition upon which it was to cease was that she marry. This case is ruled by the *Dean Case.*

2. It is urged that the statute is aimed solely at the alienation of land, and does not apply where the trustees are given the power to sell, although they are given the power to tie up the proceeds of the sale beyond the time fixed by the statute. *Thatcher* v. *St. Andrew's Church*, 37 Mich. 264, is relied upon to sustain this contention. If the language there used be not considered in connection with the facts of the case, there would be much force in the contention. In that case, however, the trust ceased with the alienation of the land by the trustee, and the trust was at an end. Such was also the case in *Robert* v. *Corning*, 89 N. Y. 225. A similar state of facts existed in *Henderson* v. *Henderson*, 113 N. Y. 1 (20 N. E. 814), where the executor was given five years within which to partition the estate. The language of the *Thatcher Case* clearly stated the law as applicable to its facts. It was not a case where the trustees were authorized to tie up the proceeds of the land beyond the limitations of the statute. This point was directly involved in the *Palms Case*, and, we think, settled the rule against the contention of the appellees. The power of alienation was expressly conferred upon the trustees, with the authority to reinvest the same in land or other property, according to their judgment. Justice CHAMPLIN, in his opinion, expressly repudiated the doctrine of the *Thatcher Case* as applicable to the *Palms Case*, and on page 385 gives his reasons in part as follows:

"The statutes against perpetuities are directed against provisions in conveyances by will or deed which prevent the vesting of estates *in the beneficiaries;* and, when such vesting is postponed beyond the limits allowed by law, the provision is void as being too remote. It can make no difference whether, during the time which shall elapse before it vests in the beneficiary, the estate vests in trustees, or is by them transferred to others than the beneficiary, and the proceeds and avails are held by the trustees subject to the trust. The policy of the law is defeated unless the contingency happens when the estate shall vest in the beneficiary within the prescribed limits. There would be but little use in statute or common-law

restrictions against perpetuities, and the tying up of estates to await the happening of future events, if they can be avoided by merely clothing the trustees with power of sale, but subjecting the proceeds to the trusts declared, and by this simple device such postponement of the vesting of contingent interests be validated."

He then discusses the *Thatcher Case*, and cites many authorities to support his holding. This opinion was concurred in by Chief Justice SHERWOOD. Justice MORSE, in his opinion, concurred in by Justice CAMPBELL, does not discuss the question. His opinion is, however, based upon the theory that the statute against perpetuities is applicable, and the case was disposed of upon that theory. We are therefore of the opinion that that case disposes of the question; otherwise, the main contention would have been disposed of by holding, as is here claimed, that the power of alienation was conferred upon the trustees, and therefore the statute did not apply.

3. It does not follow that this will is void *in toto*. It was the clear intention of the testator to provide a life annuity for his sister. The subsequent provisions of the will, tying up the estate against the statute of perpetuities, do not invalidate this provision. Counsel for appellants seem to recognize this, for they state in their brief that they have executed a mortgage to the sister to secure this life annuity. It is unnecessary to tie up this entire estate, and prevent those who are entitled to it from receiving the full benefits thereof, during the lifetime of the sister. We think it entirely equitable and just that, upon the execution of a note or bond and mortgage upon real estate, satisfactory to the circuit judge, the trustee should be discharged, and the estate distributed among the children. Decree will be entered accordingly. Under the circumstances, we think no costs should be allowed to either party, either in this court or the court below.

The other Justices concurred.