ROZELL *v.* ROZELL.

1. PERPETUITIES—LIMITATION BEYOND TWO LIVES IN BEING VOID —STATUTES.

A devise to testatrix's daughter for her life, then to a son for his life, then to his children for their lives, then to their children in fee, is a violation of the statute against perpetuities (3 Comp. Laws 1915, § 11533 *et seq.*) in that it attempts to suspend the power of alienation for a longer period than during the continuance of two lives in being at the creation of the estate.

2. SAME—PERSONS IN BEING AT CREATION OF LIFE ESTATES.

Under 3 Comp. Laws 1915, § 11535, successive estates for

On capacity of child *en ventre sa mere* to take under devise or bequest to children etc., see note in 1 B. R. C. 582.

On effect on particular estate of remainder void for remoteness, see note in 3 L. R. A. (N. S.) 639.

life may not be limited unless to persons in being at the creation thereof.

3. WILLS—INTERPRETATION—INTENT OF TESTATOR.

It is the cardinal principle of interpretation of wills to carry out the intention of the testator if it is lawful and can be discovered.

4. SAME—VALID WILL—INTENT—PRESUMPTION.

It will be presumed that the testatrix intended to make a valid will.

5. SAME—CLASS DETERMINED AS OF TIME WILL EFFECTIVE.

As a general rule, where, under a will, a gift is to a class, the class is to be determined as of the time the gift is to take effect.

6. SAME—"CHILDREN IN BEING."

"Children in being" at the time of testatrix's death included a grandchild born four months thereafter.

7. SAME — PRESUMPTION FAVORING VALIDITY CANNOT OVERCOME PROVISION IN WILL TO THE CONTRARY.

Where the plain language of a will provided that the devise of a life estate was to children in being at the time the estate took effect, viz., on the death of testatrix's son, which would render the devise void under the statute against perpetuities (3 Comp. Laws 1915, § 11535), the court will not indulge the presumption, for the purpose of finding it valid, that testatrix intended the gift to be to children in being at the time of her death.

8. PERPETUITIES—PERSONS CAPABLE OF HAVING ISSUE — PRESUMPTIONS.

For the purpose of applying the rule against perpetuities, both men and women are considered capable of having issue as long as they live.

9. SAME—VOID LIFE ESTATES—VOID REMAINDERS.

Where life estates devised to grandchildren were void as in violation of the statute against perpetuities, remainders after such life estates to the heirs of such children were also void; both the contingency upon which such heirs were to have the fee and the estate itself being too remote.

10. WILLS—PERPETUITIES—LIFE ESTATES — REMAINDERS — INTENT OF TESTATRIX.

Although the life estates to the son's children with re-

mainder over to his grandchildren must be held void under the statute against perpetuities, the life estates to the daughter and son will be sustained, and upon their termination the real estate will descend to the heirs at law of testatrix as intestate property, since to so hold does not greatly violate or overturn testatrix's general plan of distribution; the son being the only child of testatrix who had issue.

Appeal from Berrien; White (Charles E.), J. Submitted October 26, 1921. (Docket No. 12.) Decided February 8, 1922.

Bill by Sarah Rozell against Cass B. Rozell and others for the construction of a will. From the decree rendered, plaintiff appeals. Modified and affirmed.

*Burns & Hadsell,* for plaintiff.

*Gore & Harvey,* for defendants.

CLARK, J. Jane Redding died June 25, 1906, leaving a will, since probated, to have construction of which the bill was filed. The will:

"I give and devise the northeast quarter of section 18, town 8 south, range 18 west, Berrien county, Michigan, unto my son, Cass B. Rozell, for and during the time of his natural life. At the death of my said son it is my will that the above-described 160 acres of land I give and devise to my said son's children for and during the term of their natural lives; and at the time of the death of my said grandchildren, I give and devise their respective shares to their respective heirs and assigns forever.

"I give and devise the northwest quarter of the southeast quarter, and the east half of the southeast quarter, section 7, and all the land I now own in section 8, being 143.82/100th acres, said sections 7 and 8 being in town 8 south, range 18 west, Berrien county, Michigan, I give and devise unto my daughter,

Sarah Rozell, for and during the term of her natural life.

"At the death of my said daughter I give and devise all of my said real estate in said sections 7 and 8 to my said son, Cass B. Rozell, for and during the term of his natural life; at the death of my said son I give and devise last aforesaid land to his children for and during the term of their natural lives, and to their (my said grandchildren) respective share to their respective heirs and assigns forever."

The testatrix had two children, Sarah Rozell, the plaintiff, and Cass B. Rozell, a defendant. Sarah has never married, has no children, and at the time of the hearing in the lower court, December, 1919, was 60 years of age. Cass is married. His wife is the defendant Carrie and the other defendants are their children—Winifred, born May 11, 1891; Frossie, born January 14, 1893; Lelia, born August 27, 1897; Cassie, born September 15, 1902; and Walter, born October 17, 1906. It will be observed that Walter was born about four months after the death of the testatrix. The decree holds the gift of the 160 acres valid in all its provisions, the gift of the 143.82 acres valid as to the life estates in Cass and Sarah and void otherwise. Plaintiff has appealed and contends that the will is wholly void as contravening the statute against perpetuities.

1. The gift of 143.82 acres. The gift of a life estate to Sarah, a life estate to Cass, estates for life to his children, and the remainder to their heirs is clearly a violation of the statute (3 Comp. Laws 1915, § 11533 *et seq*.) against perpetuities, in that it attempts to suspend the power of alienation for a longer period than during the continuance of two lives in being at the creation of the estate. We pass for the present the question of whether the estates for life to Cass and to Sarah may be upheld.

2. The gift of 160 acres. The first estate for life

is to Cass. But to whom is the gift of the second life estates? Children in being at the creation of the estate, the death of the testatrix? Or children as a class to be determined at the time the gift is to take effect, namely, upon the death of Cass? If the former, the estates for life to the children may be sustained. But if the latter they are invalid because of section 11535, 3 Comp. Laws 1915, which provides that successive estates for life shall not be limited unless to persons in being at the creation thereof.

It is the cardinal principle of interpretation of wills to carry out the intention of the testator if it is lawful and can be discovered. And it will be presumed that the testatrix intended to make a valid will. The general rule is that where the gift is to a class, the class is to be determined as of the time the gift is to take effect. *Knorr* v. *Millard,* 57 Mich. 265; *McLain* v. *Howald,* 120 Mich. 274; 40 Cyc. p. 1479.

And when a testamentary gift to a class of persons is postponed beyond the death of the testator, as a general rule those who come within the description before the period or event upon which the gift is to take effect, or distribution is to be made, will be included as within the probable intention of the testator. *McLain* v. *Howald, supra,* and cases there cited. And the following from 2 Jarman on Wills (6th Ed.), p. 1664-1667:

"The question which has been chiefly agitated in devises and bequests to children is, as to the point of time at which the class is to be ascertained, or, in other words, as to the period within which the objects must be born and existent; supposing the testator himself not to have expressly fixed the period of ascertaining the objects, which, of course, takes the case out of the general rule; for example, a gift to children 'now living' applies to such as are in existence at the date of the will, and those only; and a gift to children living at the decease of A. will extend to children existing at the prescribed period, whether the event

happens in the testator's lifetime (supposing that they survive him), or after his decease.

"The following are the rules of construction regulating the class of objects entitled in respect of period of birth under the general gifts to children.     *     *     *

"An immediate gift to children (*i. e.* a gift to take effect in possession immediately on the testator's decease), whether it be to the children of a living or a deceased person, and whether to children simply or to all the children, and whether there be a gift over in case of the decease of any of the children under age or not, comprehends the children living at the testator's death (if any), and those only; notwithstanding some of the early cases, which make the date of the will the period of ascertaining the objects.

"Where a particular estate or interest is carved out, with a gift over to the children of the person taking that interest, or the children of any other person, such gift will embrace not only the objects living at the death of the testator, but all who may subsequently come into existence before the period of distribution."

"Children in being" at the testatrix's death would include Walter, born some four months thereafter. *McLain* v. *Howald, supra.* But the testatrix may have intended to exclude children born after her death, or children not in being at her death, and if such intention is discovered no rule of construction or statute will defeat it.

To support the claim of such intention it is urged by defendants that as between a construction making a will valid and one making it invalid, the former is to be favored. But we are met with the plain language of the will:

"At the death of my said son it is my will that the above described 160 acres of land I give and devise to my said son's children for and during the term of their natural lives."

The gift to the children is postponed to take effect at the death of their father. Plainly those who then

come within the class, children of Cass B. Rozell, are to take under the will estates for their lives. The testatrix completed this will by codicil when the child Cassie was less than two years of age, about two years before the birth of Walter, and when the mother, Carrie Rozell, was about 32 years of age and the father, Cass B. Rozell, about 42 years of age. It is not claimed that the gift should be confined to the children known to the testatrix, for it is conceded that Walter, born after the testatrix's death, was then in being, and is to be treated the same as the older children.

We may not indulge the presumption that the testatrix intended to make a valid will to overcome the plain language of the will and the expressed intention of the testatrix as it appears here, and there is nothing beyond such claimed presumption to support the contention that the testatrix intended to exclude from such gift children born to Cass after her death, and such presumption gains nothing by the presence in the will of the other provision, first considered, admittedly invalid. The only period or time fixed by the testatrix of ascertaining those who constitute the class "children" is "at the death of my said son." Had she intended to fix some other period or time she surely would have indicated such intention by the use of such words as "children now living," "children living at my death" or "children in being at my death," or other appropriate words. The language of the will permits no construction but that the class "children" is to be determined as of the time of the death of their father. Upon this point we think the cases cited in the briefs, *Dean* v. *Mumford*, 102 Mich. 510; *Greene* v. *Huntington*, 73 Conn. 106 (46 Atl. 883); *St. John* v. *Dann*, 66 Conn. 401 (34 Atl. 110), may be distinguished under the rule from Jarman on Wills, above quoted. And it may not be said that all of such class were in being when the testatrix died, or that other

children may not be born to Cass. For the purpose of applying the rule against perpetuities, both men and women are considered capable of having issue as long as they live. See Gray's Rule Against Perpetuities (3d Ed.), pp. 190, 336, and cases there cited. It follows that under the statute the attempt to limit estates for life to said persons not in being at the creation thereof is void. .

3. And the gift in both the above paragraphs of the will of the remainder to the heirs of 'the children of Cass after the termination of the life estates in such children also fails, because of the failure of the prior life estates, both the contingency upon which such heirs were to have the fee and the estate itself being too remote. See Gray's Rule Against Perpetuities (3d Ed.), p. 239, and cases cited.

4. The plaintiff contends that because of the failure of the life estates to the children and the remainders to their heirs, the life estates to Cass B. Rozell and Sarah Rozell also fail, that the will is wholly void, and that to sustain such life estates is to violate the general plan and scheme of the testatrix for the disposition of her property, and in effect to make a new will, citing *St. Amour* v. *Rivard,* 2 Mich. 294; *Lockridge* v. *Mace,* 109 Mo. 162 (18 S. W. 1145) ; 20 L. R. A. 512, and 3 L. R. A. (N. S.) 639, where the above cases are considered; *Palms* v. *Palms,* 68 Mich. 355.

The trial judge has prepared an opinion in support of his decree which has been very helpful and from which upon this question we quote:

"It seems to me, after reading all the Michigan cases that I have been able to find, that it has been the disposition of our court to hold as valid the gift of the two life estates where to do so would not do any great violence to the intention of the testator and would not work any unjust or inequitable distribution of the property. In this case to hold the life estate to Sarah Rozell good, and also to hold the life estate

to Cass B. Rozell good, would not do any great violence to the testatrix's intention, as the remainder over would be distributed largely under our statute in the same manner as is provided in this will. Neither can it be said that this construction would operate as an inequitable and unjust division of the property, nor can it be said that the two life estates are not easily separable from the invalid parts of the will. Our court seems to have recognized this doctrine in *Trufant* v. *Nunnelley,* 106 Mich. 554.

"I am aware that some of the language used by Justice LONG in deciding this case is somewhat confusing, but the final determination of the court in that case was that the gift of the life estates was valid and that it was only the remainder over which was void. After a careful reading of that case I cannot help but conclude that the case is authority against plaintiff's position here. See, also, *Dean* v. *Mumford,* 102 Mich. 510; *Niles* v. *Mason,* 126 Mich. 482; *Palms* v. *Palms,* 68 Mich. 355. I am aware that in the early case of *St. Amour* v. *Rivard,* 2 Mich. 294, the court took a position which is apparently somewhat inconsistent with the holding in the later cases. To my mind, however, it is significant that, so far as I have been able to learn, this early case has never been cited with approval by any later case in Michigan. In fact, the only case that I have been able to find in all my research which can be fairly said to sustain plaintiff's contention is the case of *Lockridge* v. *Mace,* 109 Mo. 162 (18 S. W. 1145), cited in plaintiff's brief, which case seems to have been decided upon the doctrine laid down in *St. Amour* v. *Rivard.*

"The following cases sustain unequivocally the doctrine that the two life estates will be held good and only the remainder over void: *Beers* v. *Narramore,* 61 Conn. 13 (22 Atl. 1061); *Buck* v. *Lincoln,* 76 Conn. 149 (56 Atl. 522); *Sumner* v. *Westcott,* 86 Conn. 217 (84 Atl. 921); *Gambrill* v. *Gambrill,* 122 Md. 563 (89 Atl. 1094); *Goffe* v. *Goffe,* 37 R. I. 542 (94 Atl. 2, Ann. Cas. 1916B, 240); Gray's Rule Against Perpetuities (3d Ed.), §§ 247, 248; *Moroney* v. *Haas,* 277 Ill. 467 (115 N. E. 648); *Quinlan* v. *Wickman,* 233 Ill. 39 (84 N. E. 38, 17 L. R. A. [N. S.] 216); *Lawrence's Estate,* 136 Pa. 354 (20 Atl. 521, 11 L. R. A. 85, 20

Am. St. Rep. 925) ; 64 Am. St. Rep. 634, note; 22 Am. & Eng. Enc. Law (2d Ed.), p. 723. See, also, *Landram* v. *Jordan*, 203 U. S. 56 (27 Sup. Ct. 17); 20 L. R. A. 510, note *d;* 3 L. R. A. (N. S.) 640, note."

See, also, annotations to section 11533, 3 Comp. Laws 1915. And the rule is thus stated in Gray's Rule Against Perpetuities (3d Ed.), page 229:

"If future interests created by any instrument are avoided by the rule against perpetuities, the prior interests become what they would have been had the limitation of the future estates been omitted from the instrument. \* \* \*

"The cases illustrating this are innumerable. So when there is a devise on a remote condition, and no prior devise, the land descends to the heir who has an indefeasible fee.

"If the devise of a future interest is void for remoteness, but the prior devise is for life only or other limited period,—for instance, if there be a devise to an unborn child for life, remainder to the unborn child of such unborn child,—the property after the termination of the prior interest goes to the person to whom property which has been invalidly devised or bequeathed goes. This person is generally the heir in case of realty, and the residuary legatee in case of personalty. There is no difference in this respect between a devise or bequest void for remoteness and a devise or bequest void for any other reason."

See, also, Tiffany, Modern Law of Real Property, § 157.

We think the quoted opinion of the trial judge is sustained by the weight of authority, that it does not greatly violate or overturn the general plan of the testatrix. Terms of the will should be carried out to the largest extent possible without upsetting the general plan of distribution. The gift of the estates for life to Cass B. Rozell and Sarah Rozell are. sustained. Upon the termination of such life estates the

real estate will descend to the heirs at law of Jane Redding as intestate property.

The decree is modified in accordance with this opinion and, as so modified, is affirmed, without costs.

FELLOWS, C. J., and WIEST, STONE, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.