GETTINS *v.* GRAND RAPIDS TRUST CO.

1. WILLS—CONSTRUCTION—PERPETUITIES.

In applying rule against perpetuities, beneficiary under will, although now childless and 52 years old, must be considered as capable of having issue as long as she lives.

2. SAME—INTENT—INVALID TRUST PROVISION ELIMINATED AND WILL SUSTAINED.

In construing will containing invalid trust provision, court should eliminate invalid provision and sustain remainder if in so doing general plan and scheme of testatrix is not violated and new will made for her.

3. SAME—GIFT BURDENED WITH INVALID TRUST SUSTAINED AND TRUST ELIMINATED.

Where gift of remainder over daughter's life interest to her issue, if any, was burdened with invalid trust provision, it is

duty of· court to sustain gift by eliminating invalid trust provision rather than destroy will, where to do so will carry out intention of testatrix and probably eventually result in giving full effect to will.

4. SAME—EVERY WORD OF WILL WHICH CAN STAND SHOULD STAND. Will containing gift of remainder over daughter's life interest to her issue or issue of such issue, if any, burdened with invalid trust provision, is construed to provide valid gift, which issue, if any, take in fee, since every word of will which can stand should stand.

Appeal from Kent; Perkins (Willis B.), J. Submitted October 10, 1929. (Docket No. 53, Calendar No. 34,490.) Decided January 24, 1930.

Bill by Belle S. Gettins against the Grand Rapids Trust Company, executor, and others, to construe the last will and testament of Annie J. M. Smith. From a decree declaring certain portions of the will invalid, plaintiff appeals. Modified and affirmed.

*Butterfield, Keeney & Amberg,* for plaintiff.

*Norris, McPherson, Harrington & Waer,* for defendant Grand Rapids Trust Company.

*Penny & Worcester,* for defendants Shirley S. Thurston and her children.

CLARK, J. The bill prays construction of a will. From the decree plaintiff has appealed.

The will:

"I, Annie J. M. Smith, of the city of Muskegon, State of Michigan, being of sound mind and memory, do make, publish and declare this my last will and testament, hereby revoking all former wills and codicils thereto, if any, by me at any time heretofore made.

"First. I direct the payment of all my just debts and burial expenses.

"Second. I give and bequeath all my household goods, furniture and furnishings, including books, pictures, rugs, musical instruments, my silverware and jewelry, my wearing apparel and kindred articles, to my daughters, Belle S. Gettins, of Muskegon, Mich., and Shirley S. Thurston, of Montclair, New Jersey, if surviving me, or to the survivor of them.

"Third. If my said daughter, Belle S. Gettins, or her issue, survives me, I direct my executor to divide the rest, residue and remainder of my estate, real, personal and mixed, wherever the same may be situated, into two parcels of equal value each, in its judgment; and as to said parcels I give, devise and bequeath the same as follows:

"Section A. One thereof to my said daughter, Shirley S. Thurston, if she survives me, and the same to her issue if she does not survive me.

"Section B. One thereof to the issue of my said daughter, Belle S. Gettins, if she is deceased with issue surviving me.

"Section C. If my said daughter, Belle S. Gettins, survives me, then one portion thereof to the Grand Rapids Trust Company, a corporation, of Grand Rapids, Michigan, in trust, however, for the following uses and purposes:

"Clause 1. To take possession of, care for, manage and control the same; to pay all taxes, insurance, repairs and other necessary expenses and its reasonable charges and expenses for the proper care and management of this trust fund; and to rent or lease, to sell and convey and convert into money, any part or all thereof as it, in its discretion, shall deem for the best interest of my estate and the beneficiaries of this trust; and to invest and reinvest any moneys of this trust fund or the proceeds of any sales, in such income producing securities or properties, as, in its judgment, it shall deem proper, hereby

giving to my said trustee for such purposes all of the authority and power I would possess, if living.

"Clause 2.   During the period that my said daughter, Belle S. Gettins, shall survive me, I direct my trustee to pay to her, in monthly or quarterly installments, as she may elect, the net income arising from this trust fund; and upon her death I direct as follows:

"(a)   If she has issue then surviving I direct my trustee to divide this trust fund into portions of equal value in its judgment, the number being one for each of her children then surviving, and one for each child deceased with issue then surviving, if any such; and I direct my trustee to pay, deliver and convey one of said portions to the issue of each such child deceased, if any; and one portion to each child surviving and having reached 25 years of age, if any; and any remaining portions, my trustee shall keep each as a special trust fund, for one each of her children surviving and being less than 25 years of age, and it shall pay to each such child the net income arising from his or her special fund, and upon a child reaching the age of 25 years, it shall pay, deliver and convey to said child his or her special trust fund; and in the event of the death of such child before the same shall reach the age of 25 years, my trustee shall pay, deliver and convey his or her special fund to my said daughter's children surviving, except this, that if any child has died with issue then surviving, said issue shall take the share the deceased child would receive if living and if at the death of any child my daughter has no issue then surviving, it shall pay, deliver and convey the special fund to my daughter, Shirley S. Thurston, if surviving, and to her issue, if she is deceased.

"(b)   If she has no issue then surviving I direct my trustee to pay, deliver and convey this trust fund to my said daughter, Shirley S. Thurston, if then surviving, and to her issue, if she is deceased.

"Fourth. If my said daughter, Belle S. Gettins, or her issue does not survive me, I give, devise and bequeath the said rest, residue and remainder of my estate, wherever situated, to my said daughter, Shirley S. Thurston, if surviving me, and the same to her issue if she does not survive me.

"Fifth. If I own real estate at my death, I request the same shall be sold as rapidly as my executor shall deem it advisable so to do, except this, however, that if my daughter, Shirley S. Thurston, is surviving, my executor shall confer with her as to the same and secure her approval to any sale before its completion; and, I also direct that the party making a sale of such real estate, whether same be my executor or some other person, shall receive therefore the prevailing real estate commission then being paid in Muskegon.

"Sixth. I hereby nominate and appoint the Grand Rapids Trust Company, the executor of this, my last will and testament, giving and granting unto it as such executor, full power and authority to sell and convey and in any lawful manner dispose of my estate, both real and personal, or any part thereof, upon such terms, at such times and in such manner as it shall deem proper and for the best interest of my estate.

"In witness whereof, I have hereunto set my hand and seal this 29th day of May, A. D. 1920.

"ANNIE J. M. SMITH. (L. S.)

"The foregoing instrument, consisting of three type-written pages and 21 lines was, on this 29th day of May, 1920, signed in our presence and published and declared by the testatrix to be her last will and testament, and we, at her request and in her presence and in the presence of each other, have hereunto signed our names as witnesses.

"Jos. E. WARE, of Maplewood, N. J.
"Jos. B. WARE, of Grand Rapids, Mich."

Testatrix died in August, 1928, leaving two children, both of whom are now living. Shirley Thurston

was then 42 years old, mother of four living children. The other daughter is plaintiff Belle Gettins, then 52 years old, who has no issue.

The general plan or scheme of the will is (omitting particulars):

(1)  To give one-half of the estate to Shirley in fee.

(2)  (a) To give a life estate in the other half to Belle (b) with remainder to Shirley or her issue if Belle die without issue, and, (c) if Belle die with issue, to give the remainder to such issue (or to issue of any deceased child), to be held in trust, however, until such issue attain the age of 25 years.

It is conceded that this trust provision respecting surviving issue of Belle violates both the statute against restraints on alienation and the rule against perpetuities (*Michigan Trust Co.* v. *Baker*, 226 Mich. 72) in that

"....there is a mere possibility that there are no persons now in being, by whom an absolute fee in possession of this trust estate can be conveyed, and that alienation may by mere possibility be suspended for a period longer than two lives in being...."

In applying the rule against perpetuities, Belle Gettins, although now childless and 52 years old, must be considered as capable of having issue as long as she lives. *Rozell* v. *Rozell*, 217 Mich. 324.

The question before us is: May we lop off the invalid trust provision and permit the rest of the will to stand, or must we hold the entire will void because of such provision? To hold the will void is to defeat completely testatrix's whole plan of distribution of her property, which she had right to dispose of as she pleased. We may and should (eliminating the invalid trust provision) sustain the remainder of the will if in doing so we do not violate the gen-

eral plan and scheme of testatrix, if we do not in effect make a will for her. *Rozell* v. *Rozell, supra.*

The first part of paragraph (a), clause 2, of the will, standing alone, is a gift of the remainder over the life estate to Belle to surviving children of Belle and to surviving issue of any child as set forth. Following this testatrix burdened the gift with the invalid trust.

If this trust provision be eliminated, the remainder over Belle's life estate will go to the very person or persons to whom testatrix wished it to go. If Belle have issue, now most improbable, and if they or the issue of any deceased child survive as infants at Belle's death, the law will provide guardianship for them, and testatrix's desire to have such interest conserved will be substantially fulfilled.

Testatrix intended to give remainder over Belle's life interest to issue of Belle, if any. She intended the gift to be valid. It was not her purpose to destroy the gift by the invalid provision for trust. Assuming, as we must, that Belle may have children, to destroy the gift would do great violence to testatrix's intention. It does no great violence to her intention to eliminate the trust and to permit the gift to stand, and by doing so the will is given nearly full effect; probably it will prove to be full effect, which surely is to be preferred over complete destruction of the will. Setting aside the trust provision violates the will; no doubt of it. But the test is: Does it change her general plan and scheme of disposing of her property so that in effect a will is made for her? We think it does not. See *Palms* v. *Palms,* 68 Mich. 355; *Rozell* v. *Rozell, supra,* and authorities there cited.

This test as applied in the cases produces various results, depending on the facts of the particular case.

The *Baker Case* is cited as requiring a holding that the will is void. It may be distinguished on this question which was not discussed in the opinion. There testatrix expressly fixed and determined invalidity. She said the gifts should go to "girls at the age of twenty-five years and boys at thirty years *and not before.*" (Italics ours.) A purpose to give lawfully thus expressly and positively negatived could not well have been found.

The decree of the trial court with respect to the remainder over Belle's life interest is:

"In case Belle S. Gettins dies with issue then surviving, the trust fund will become intestate property and will go at that time to the heirs at law of Annie J. M. Smith."

It will be seen that by the decree both the gift over to issue of Belle and the trust imposed on the gift are eliminated. Whether this was a gift in trust or a gift burdened with a trust; whether the gift and trust are in one paragraph or two (*Palms Case*) makes no difference. Every word of this will which can stand should stand. The trust feature as imposed on the gift is alone eliminated. The gift stands.

If Belle Gettins die leaving issue surviving or issue of such issue as set forth in the will, they will take remainder over the life estate in fee. If there be no such issue, remainder will pass under the will. The decree will be modified in accordance herewith, and, so modified, affirmed. Costs to appellant.

WIEST, C. J., and BUTZEL, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., took no part in this decision.