BURKE *v.* CENTRAL TRUST CO.

1. WILLS—EVIDENCE—TESTIMONY OF SCRIVENER—INTENTION—MIS-
   TAKE.
   Testimony of scrivener of mistake in drafting will or of inten-
   tion of testator different from that expressed in will is not
   admissible, in absence of ambiguity or mistake appearing on
   face of will.

2. SAME—REFORMATION OF WILL.
   Court may not reform will.

3. SAME—WHEN COURT MAY ELIMINATE WORDS TO VALIDATE WILL.
   Court may eliminate words and phrases in will which render it
   ·void only where prohibited provisions are not inseparably
   connected and interwoven with general scheme of testator,
   and where, after elimination, will would be valid, would fulfil
   general plan and primary purpose of testator, and estate would
   devolve upon persons to· whom he intended it to go.

4. SAME—RESTRAINT ON ALIENATION.
   Where trust provision in will violates statute on restraint of
   alienation (3 Comp. Laws 1929, § 12935), by postponing
   power of alienation beyond two lives in being at creation of
   estate, and said provision cannot be eliminated without de-
   feating testatrix's major purpose, it must be held void.

Appeal from Ingham; Carr (Leland W.), J. Sub-
mitted January 13, 1932. (Docket No. 136, Calendar
No. 36,223.) Decided June 6, 1932. Rehearing de-
nied September 14, 1932.

Bill by Mary Burke against Central Trust Com-
pany and others to construe and declare void parts
of the will of Ellen Wentworth. Decree for plain-
tiff. Defendant Central Trust Company and an-
other, executors, appeal. Affirmed.

As to admissibility of testimony of scrivener, see annotation in 47
L. R. A. (N. S.) 542.

*Cummins & Cummins,* for plaintiff.

*Joseph H. Dunnebacke,* for defendant executors.

*Savery, McKenzie & Hamilton,* for defendants Burke.

FEAD, J.   This is a bill to construe and declare void parts of the will of Ellen Wentworth, who died February 15, 1931, at the age of 71 or 72.   It is claimed the will violates the statute on restraint of alienation (3 Comp. Laws 1929, § 12935), and the rule against perpetuities.

Mrs. Wentworth had no immediate relatives except a sister, Mary Burke, and her family.   The original will, executed November 14, 1928, devised the whole of her property to the Central Trust Company and Frank J. Burke, in trust, with power of control but without power of sale.   The estate consisted of real property appraised at $109,000, and personalty of $18,850.   It included the Wentworth Hotel in Lansing.

The will directed the trustees to pay Mary Burke, aged about 69, out of income, or, if necessary, out of principal, $300 per month for life; and, at her death, to pay her son, Leo Burke (51), if living, $200 per month for life; and to his wife, Sophronia, if living, $100 per month for life.

In addition, the trustees were directed to pay, out of income, from death of testatrix:

1.   Leo Burke, $100 per month for life;

2.   Frank J. Burke (31), son of Leo, $300 per month for life, and, at his death, $100 per month to his wife, Marie Burke (32), for life;

3.   Eva Anderson, niece of Mr. Wentworth, $200 semi-annually for life.   At her death, to her son, if living, the single sum of $1,000.

If the net income was insufficient to make the monthly payments in full, they were to be prorated, except as to Mary Burke. Surplus income was to be accumulated and kept separate from principal, to be used in making up prior deficiencies in payments. Then followed paragraph 10, with important words italicized:

"Tenth. Whereas, my said grandnephew, Frank J. Burke, now has three children, Leo Thomas Burke, Manley Burke and Wentworth Burke; now therefore I will and direct that when the youngest of such children, *or of any child or children hereafter born to my said grandnephew, Frank J. Burke,* shall attain the full age of 25 years, then upon the happening of such event the trust herein created shall terminate, and the principal or *corpus* of said trust estate, together with such net income as may have accumulated at that time shall be transferred and paid in equal shares or portions, to such children of my said grandnephew as shall be living at the date when the youngest of said children shall attain the age of twenty-five years as herein specified."

Leo Thomas Burke was 10 years old at the death of testatrix, Manley was five, and Wentworth four. Another great grandnephew, Robert, was born three months after testatrix died.

Paragraph 11 provided that if Mary, Leo, Sophronia, Frank, or Marie—

"shall be living at the date when the youngest of the children of my grandnephew, Frank J. Burke, shall attain the full age of 25 years, then in such case I will and direct that the principal or *corpus* of said trust estate and any accumulation of net income shall be charged with a lien to insure to each of said beneficiaries who shall then be living the receipt of the monthly or other payments herein provided for each such beneficiary."

Such beneficiaries were to be at liberty to apply to the court "for an extension of the time when the principal or *corpus* of said estate shall be transferred, paid to, or become the property of the said children of my said grandnephew," and testatrix expressed the wish that the court would grant the petition, unless the children insured the payment of monthly instalments.

On November 15, 1928, testatrix executed a codicil to her will, in which she modified the provision for Frank Burke and his family, to be as follows:

To Frank during his life, $300 per month. At his death, $100 per month to his wife, Marie Burke, for life—

"and the remaining $200 of said $300 shall be paid to said Marie Burke as guardian for the children of my said grandnephew and his wife, such payment of $200 per month to be continued until the youngest of said children shall attain the age of 25 years. In the event of the death of said Marie Burke the sum of $300 shall be paid to such person as may be appointed guardian of said children, for the support of said children, such payments to be continued for the period of time hereinabove specified, namely, until the youngest of said children shall attain said age of 25 years."

The codicil confirmed the will in all other respects. February 11, 1931, testatrix executed another codicil, in which she confirmed the will and former codicil, except in the respect that, by the last codicil, she devised her interest in premises covered by a mortgage to her sister, Mary, and gave a sum of money to her spiritual adviser. The will was admitted to probate March 24, 1931. The scrivener testified, under objection, that it was the intention of testatrix to have the trust terminate when the youngest

of the three great grandnephews in being should reach the age of 25 years, with after-born children then living to participate in the division, and that, in some way, he misplaced the italicized words in drafting the will.

Testimony of the scrivener of a mistake in drafting a will or of an intention of testator different from that expressed in the will is not admissible, in the absence of ambiguity or mistake appearing upon the face of the will. *Wheeler* v. *Wood,* 104 Mich. 414; *Defreese* v. *Lake,* 109 Mich. 415 (32 L. R. A. 744, 63 Am. St. Rep. 584); 40 Cyc. p. 1436. Nor may the court reform a will. 28 R. C. L. p. 203; 65 Am. St. Rep. 521, note; *Polsey* v. *Newton,* 199 Mass. 450 (85 N. E. 574, 15 Ann. Cas. 139, and note); *Lewis* v. *Reed's Executor,* 168 Ky. 559 (182 S. W. 638, Ann. Cas. 1917 D, 1155, and note).

It is also contended that the court may eliminate words and phrases in a will whose presence would render it void if, after such elimination, the will would be valid. In a limited way this is the rule, but only where the prohibited provisions are not inseparably connected and interwoven with the general scheme of the testator, and where, after the elimination, the will would fulfil the general plan and primary purpose of the testator, and the estate would devolve upon the persons to whom he intended it to go. *Palms* v. *Palms,* 68 Mich. 355; *VanDriele* v. *Kotvis,* 135 Mich. 181; *Rozell* v. *Rozell,* 217 Mich. 324; *Gettins* v. *Grand Rapids Trust Co.,* 249 Mich. 238.

The dominant notes of the will are, first, the security of support for life of testatrix's sister and her relatives named; and second, the final devolution of the estate upon the children of Frank Burke, living at termination of the trust, and only those then liv-

ing. The trust provisions could not be eliminated without defeating what was doubtless testatrix's major purpose. The elimination of the italicized clause in section 10 would change the scheme of the will for determining the persons who finally were to take the property, and, except by accident, the residue would not devolve upon the persons to whom she intended it to go. Consequently neither deletion is permissible.

It is contended further that the provision in paragraph 11 contemplating Frank Burke's survival of termination of the trust is inconsistent with the provision of paragraph 10 for termination of the trust and modifies its language. The argument is that, as it is a presumption of law that children could be born to Frank Burke at any time during his lifetime (*Rozell* v. *Rozell, supra*), he could not possibly be alive when his youngest possible child became 25 years of age, and, therefore, testatrix must have intended such a construction of paragraph 10 as would enable him to survive termination of the trust.

Paragraph 11 is a general insurance provision, drawn with a sweep of words, to protect all the named beneficiaries from possibility of lapse of their annuities. The clause bears no indication that testatrix was considering details, weighing probabilities, or considering presumptions of law, but rather that she was insuring against possibilities, however remote or whatever the cause. Even though the presumption of law were in her mind, inconsistency between the paragraphs does not necessarily follow, because of the possibility that a fact of nature may render obsolete a legal presumption.

In considering the elimination of any language in the will, we are further confronted by the two codicils, one made the next day and the other over two

years after execution of the will, which expressly confirm it as written. And in the first codicil there appears affirmative evidence that the trust was not to be terminated until the youngest child after-born or living reach the required age, because, to that time, support was provided for all the children of Frank Burke and his wife in case of their parents' death.

There is no escape from the conclusion that the will violates the statute on restraint of alienation of real estate because the prohibition of alienation it provides is not restricted to two lives in being at the creation of the estate. Unfortunate as it is, this result is reached, not because testatrix intended to violate the statute, but because the law will not permit to be accomplished the intention she clearly expressed in the will.

The trust being void because of violation of the statute on restraint of alienation (3 Comp. Laws 1929, § 12935), it is not necessary to consider the application of the rule against perpetuities.

Decree that the trust provisions are invalid is affirmed, in substance, but we think should be modified in form, to state the construction reached and provide for its certification to the probate court where the estate is to be administered.

McDonald, Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred. Clark, C. J., did not sit.