DEBUCK *v.* BOUSSON.

1. PERPETUITIES—RESTRAINT ON POWER OF ALIENATION.
   Provision of will directing that legacies, bequests, and devises should not become operative and effective until one year from testator's death *held,* invalid as an attempt to suspend the power of alienation beyond the period permitted by statute (3 Comp. Laws 1929, §§ 12934, 12935).

2. SAME—SUSPENSION OF POWER OF ALIENATION.
   A suspension of the power of alienation, to be valid, must be limited by not more than two lives in being at the creation of the estate and cannot be fixed or limited by a period of days, months or years (3 Comp. Laws 1929, §§ 12934, 12935).

3. Wills—Perpetuities—Inseparable Invalid Restraints on Alienation of Realty Invalidated Provision as to Personalty.

Provision of will directing that all ''legacies, bequests and devises shall not become operative and effective until one year from the date'' of testator's death *held,* so inseparable that invalidity of portion applicable to realty nullified that applicable to personalty (3 Comp. Laws 1929, §§ 12934, 12935).

4. Same—Valid Portion May Stand if Testator's General Plan Is Not Violated.

The valid portion of a will may stand if the general plan and scheme of the testator is not violated, where a portion is invalid as an undue suspension of the power of alienation (3 Comp. Laws 1929, §§ 12934, 12935).

5. Same—Deletion of an Invalid Portion—Intent.

In the determination of whether or not a portion of a will invalid as an undue suspension of the power of alienation may be deleted and the remainder sustained, it must be ascertained what testator's general intent was and whether or not such deletion will violate his general plan for disposing of his estate.

6. Same—Deletion of Invalid Portion of Will.

Invalid portion of will directing that all legacies, bequests, and devises should not become operative and effective until one year after testator's death and direction that income be used for payment of funeral, administration, and other expenses and claims allowed against the estate may properly be eliminated from will where such provision apparently contemplated procedure much the same as would have taken place in the usual course of probating the will and deletion results in no violent disturbance of testator's plan (3 Comp. Laws 1929, §§ 12934, 12935).

Boyles, Chandler, and Wiest, JJ., dissenting in part.

Appeal from Macomb; Reid (Neil E.), J. Submitted June 12, 1940. (Docket No. 43, Calendar No. 41,019.) Decided October 7, 1940.

Bill by Alice DeBuck and others against Minnie Bousson, executrix of the estate of Emiel Bousson, deceased, and others for the construction of a will. From decree rendered, plaintiffs appeal and defendants cross-appeal. Affirmed.

*Cozadd & Shangle* (*Nunneley & Nunneley*, of counsel), for plaintiffs.

*Devine, Kent & Devine* (*Vincent L. Fitzgerald*, of counsel), for defendants.

NORTH, J. This is an appeal and cross-appeal from a decree of the circuit court upholding in part the will of Emiel Bousson, deceased. The issue is whether the will is invalid as being in contravention of 3 Comp. Laws 1929, §§ 12934 and 12935 (Stat. Ann. §§ 26.14 and 26.15), prohibiting suspension of the power of alienation beyond the statutory period.

Emiel Bousson had 12 children by his first wife. Ten of these children who are adults are the plaintiffs and appellants. The appellees and cross-appellants are Minnie Bousson, testator's second wife, and Harold and Clarence Bousson, sons of testator who were minors at the time this suit was instituted. Emiel Bousson died testate, leaving real property appraised at approximately $25,000 and personal property appraised at approximately $19,000. In substance his will provided as follows: paragraphs 1, 2, and 3 were bequests of $50 each to the sons Lawrence, Edward and Raymond; paragraphs 4 and 5 were bequests of $10 each to the sons Charles and Bernard; paragraph 6 was a devise of real property to the son Cyril Bousson, on condition that he pay $2,500, to be divided among testator's children, Hector, Albert, Alice and Louise and upon failure of payment provision was made that the devised property should pass to these same children and Cyril; paragraph 7 was a conditional devise of land to the son Clarence upon payment of $1,000 to the son Harold, and in default of payment the devised property was to be divided between Clarence and Harold; paragraphs 8 and 9 were devises of

land to the son Harold Bousson; paragraphs 10, 11, 12, and 13 contained bequests and devises to the wife, Minnie Bousson, one of the devises being a life estate with remainder to Clarence, Harold and Cyril; and paragraph 14 provided that the residue of the estate should go in equal shares to testator's 12 children. The 15th paragraph of the will reads:

"I further order and direct that all of the aforesaid legacies, bequests and devises shall not become operative and effective until one year from the date of my death, during which time my executrix hereinafter named shall collect all of the rents and incomes from all of my properties, which collection of rents and incomes shall be used if necessary for the payment of my funeral expenses, expenses of administration of my estate and any other expenses, claims or charges that shall be allowed by the probate court having jurisdiction of my estate."

The 16th paragraph of the will appointed Minnie Bousson executrix.

The circuit court held that the will contravened the above-cited statute but deleted only paragraph 15, permitting the rest of the will to stand. Appellants claim that inasmuch as paragraph 15 of the will contravenes the statute, the will is entirely void; but appellees and cross-appellants assert first that paragraph 15 does not violate the statute, but if it does that this paragraph of the will can be and should be deleted and the balance of its provisions permitted to stand. The widow has elected to take under the statute.*

The circuit judge correctly held that the 15th paragraph of the will was an attempted suspension of the power of alienation which transgressed the

* 3 Comp. Laws 1929, § 13085 as amended by Act No. 242, Pub. Acts 1931 (Stat. Ann. § 26.234), and 3 Comp. Laws 1929, § 15564 (Stat. Ann. § 27.2664).—REPORTER.

statutory inhibition. The suspension of alienation, if at all, must be limited by not more than two lives in being at the creation of the estate. It cannot be fixed or limited by a period of days, months or years. *State* v. *Holmes,* 115 Mich. 456; *Casgrain* v. *Hammond,* 134 Mich. 419 (104 Am. St. Rep. 610) ; *Otis* v. *Arntz,* 198 Mich. 196; *In re Richards' Estate,* 283 Mich. 485. If, as provided in paragraph 15 of the will, none of the bequests or devises became effective until one year after the testator's death, then during that period the power of alienation as to all of the real property was suspended. Title was in abeyance and could not be vested. It would not have been more violative of the statute had the testator attempted to prevent vesting of title to any of his lands for 50 or 100 years. This paragraph 15 applies alike to the personal property and the real property of which Bousson died seized. It attempts to suspend vesting of title to both classes of property. These provisions of this paragraph are so inseparable that invalidity of that portion of the paragraph applicable to real property nullifies that applicable to personal property. *Gardner* v. *City Nat'l Bank & Trust Co.,* 267 Mich. 270; *In re Richards' Estate, supra.* To hold otherwise would be to depart from the testator's intent and purpose as expressed in this paragraph.

But as pointed out by counsel for appellees, former decisions of this Court are to the effect that notwithstanding a portion of a will may be invalid as an undue suspension of the power of alienation, the rest may stand if in so holding the general plan and scheme of the testator is not violated. *Gettins* v. *Grand Rapids Trust Co.,* 249 Mich. 238; *Loomis* v. *Laramie,* 286 Mich. 707. Two considerations are necessary in deciding whether part of this will may

be deleted and the remainder sustained, *i. e.,*—Is the general intent of the testator determinable, and will such deletion violate his general plan for disposition of his estate?

The will is valid in all respects except paragraph 15. The provision therein made, though in violation of the statute, contemplates procedure much the same as would have taken place, in all probability, in the usual course of probating the will. See 3 Comp. Laws 1929, § 15694 (Stat. Ann. § 27.2841). No violent disturbance of the testator's plan would seem to result from deletion of paragraph 15. In so decreeing the circuit judge relied strongly on *Loomis* v. *Laramie, supra.* In that case a trust was provided by the will of Charles Loomis which was to continue for 20 years and for distribution thereafter of the trust property. We eliminated the trust provision, allowed present distribution of the property and sustained the other provisions of the will. We there stated: "The trust provision may be eliminated without doing violence to the intent of the testator, nor does it result in the making of a will for the testator."

The fact that there exists a minor difference between the instant case and the *Loomis Case* in that there might have been a surplus of income over and above funeral expenses and costs of administration of Bousson's estate, which surplus would have gone into the residue, does not render the deletion in the instant case in violation of the intent and plan of the testator nor does it amount to making a new will. The intent of the testator obviously was not to provide a means of accumulating income for distribution under a trust provision, but rather to provide primarily for payment of expenses of burial, administration, et cetera. But these matters will be accomplished under the law governing the ad-

ministration of estates without regard to whether there is such express provision in the will.

The decree of the circuit court is affirmed, with costs to appellees.

BUSHNELL, C. J., and SHARPE, MCALLISTER, and BUTZEL, JJ., concurred with NORTH, J..

WIEST, J. (*dissenting in part*). I do not concur in deleting any part of the will.

The will vested present title in the devisees but postponed enjoyment only of the income therefrom for one year for the purposes of administration expenses. So vested, there were persons in being capable of conveying title. In my opinion there was no suspension of the power of alienation but a devise subject to the use of rents and income therefrom for a year to meet administration needs which the law exacts ahead of enjoyment of bequests and devises in all instances.

The will should be allowed in its entirety.

CHANDLER, J., concurred with WIEST, J.

BOYLES, J. (*dissenting in part*). The law is well settled that this court must attempt to ascertain the intent of a testator in construing a will. When ascertained, the wishes of the testator must be carried out unless plainly contravening some express provision of law.

In the instant case, the testator, being possessed of considerable property, made very careful, complete, and well-considered disposition of his property to his wife and 12 children. He directed that all of these legacies, bequests and devises "shall not become operative and effective" until a year from date of death, during which time his executrix

was directed to collect the income for use for funeral and administration expenses and other claims.

The testator merely intended to follow the usual probate practice in that regard by providing that debts, charges and expenses should be paid out of income instead of from sale of his personal property or real estate. This does not prevent vesting of title. Title to real or personal estate of a decedent is always subject to payment of his debts, charges and expenses of administration. The will should have been allowed in its entirety.