----o----

ELISHA CALKINS, EXECUTOR ETC. v. ESTATE OF ANNA MALVINA SMITH.

*Wills—Construction—Settlement of estate—Executor.*

A testator provided for the disposition of a certain bequest to his wife "in case of her death *before his estate was settled.*" *Held* that the settlement meant was the stage of proceedings when

the funeral expenses, debts and legacies had been paid and nothing remained but to divide the residue.

An executor's duties as such are closed, except for the adjustment of his account, when he has paid the funeral expenses, debts and legacies, and nothing remains but the division of the residue. Any farther acts in respect to the estate are done as donee of a power in trust.

Conditions are not favored when they defeat estates, and should not be subject to continuance at the option or through the misconduct or neglect of others than the grantor where any other conclusion is reasonable.

Error to Hillsdale.   Submitted July 2.   Decided July 3.

APPEAL from the decision of Commissioners for the allowance of claims against the estate of Anna Malvina Smith, deceased.   The commissioners refused to allow a claim against the estate for money paid to Mrs. Smith under the will of her husband Aratus Smith, whose executor claims that it was paid under a mistaken construction of the will, the essential provisions of which were as follows:

"I, Aratus Smith,   *   *   *   do make, publish and declare this my last will and testament in manner following, that is to say:   Having by contract before marriage given and secured to my beloved wife, Anna Malvina Smith, one thousand dollars in lieu of dower, I now give and bequeath to my said wife, Anna Malvina Smith, in addition thereto, one thousand dollars, all my household furniture, my wearing apparel, and my library, and the use and occupation of my house and lot where I now live, at the village of Romeo, State and county aforesaid, during her natural life.   In case my said wife shall so elect before my estate is settled, she shall have eight hundred dollars in lieu of the use of my said house and lot during her natural life, and in case my said wife does not wish or choose to keep all my household furniture, in such case so much thereof as she may not wish and choose to turn over to my executor, shall be sold by him and the proceeds arising from such sale shall be divided equally between my heirs, my said wife being reckoned as one of them, share and share alike; provided always that in case of my said wife's death before my estate is settled, in such case the one thousand dollars above bequeathed to her shall be divided between

my heirs, equally, share and share alike, and shall not go to her heirs.

\*     \*     \*     \*     \*     \*     \*     \*

"Ninth. After all my debts (if any) are paid and my funeral expenses and all the above named legacies and bequests, including the one thousand dollars given or settled on my said wife, before marriage, by contract, I give and bequeath all the rest, residue and remainder of my estate, both real and personal of every name and nature or kind whatsoever, to my heirs above named, my said wife to be reckoned as one of them, to be divided equally between them share and share alike.

"Lastly. I hereby nominate and appoint my friend Elisha Calkins sole executor of this my last will and testament, hereby revoking all former wills by me made, with full power to sell and dispose of any and all property whether real or personal, subject to the provisions of the will, and to apply and appropriate the avails or proceeds that arise therefrom as above directed."

Judgment was rendered below for the estate of Mrs. Smith and the executor of Mr. Smith brings error.

*Crocker & Hutchings* for plaintiff in error. When the language of a bequest indicates an absolute gift of an entirety, but a later clause contains a limitation over, on the happening of an event made certain, the gifts are not repugnant to each other, but the latter is a valid executory gift, *Norris v. Beyea,* 3 Kern., 273; a gift in terms direct and immediate is a vested legacy, 1 Jarman on Wills, 619; 2 Williams on Executors, 1051-3; but an estate vested under a will may be made subject to divestment in case of the legatee's death before the settlement of the testator's estate, 1 Roper on Legacies, 403; *Weyman v. Ringold,* 1 Brad. Sur., 40; *Pinney v. Fancher,* 3 id., 198; *Adams v. Beekman,* 1 Paige, 631.

*Shepard & Fowle* and *E. L. Koon* for defendant in error. A life estate with unlimited power of disposition over the remainder coalesce and form an estate in fee, *Jones v. Jones,* 25 Mich., 404; *Pinckney v. Pinckney,* 1 Brad. Sur., 269; *Hale v. Marsh,* 100 Mass., 468; *Ide v. Ide,* 5 Mass., 500; *Stevens v. Winship,* 1 Pick, 318; *Larned v. Bridge,* 17 Pick., 339; *Harris v. Knapp,* 21 Pick., 412; *Gleason v. Fayerweather,* 4 Gray, 348; *Brant*

*v. Gelston,* 2 Johns. Cas., 384; *Ramsdell v. Ramsdell,* 21 Me., 288; if a general and primary intent is inconsistent with a particular or secondary intent, the former controls, 1 Redf. Wills, 433; an estate cannot vest and lapse from time to time, *Conrad v. Long,* 33 Mich., 80.

COOLEY, J. It seems to us manifest that when the testator speaks of his wife's death before his estate is settled, as a contingency upon which the sum of one thousand dollars given to or settled before marriage upon her is to pass to the residue, he means, not the settlement in the popular sense of the term, but the stage of proceedings when the funeral expenses, debts and legacies are paid, and when nothing remains but to proceed with the steps for a division of the residue. That is put beyond doubt by the ninth clause of his will, in which this thousand dollars is named among the sums to be paid before the residue is distributed. At that stage of his proceedings the executor's duties may be said to be closed; nothing remaining to be done by him as such, except the rendering and adjustment of his own account. What further he was to do in respect to the estate was to be done not as executor, but as donee of a power in trust. What strengthens this view is that the testator could have had no good reason for postponing further the final and unconditional vesting of the right to this sum in his wife. The rights of all others were then fixed: why should not hers be also? The other proceedings were merely for the partition of common interests, which might be delayed indefinitely at the option of the parties if it seemed desirable that this be done, and perhaps negligently or willfully delayed by the donee of the power. Conditions are not favored in law when they defeat estates, and they should not for a moment be subject to be continued at the option or through the misconduct or neglect of others where any other conclusion is reasonable.

The judgment must be affirmed with costs.

The other Justices concurred.