SAUNDERS *v.* MICHIGAN TRUST CO.

1. WILLS—DEVISES—BEQUESTS—CONSTRUCTION.
    Devise of undivided shares in parcel of real estate to testator's widow and son upon condition they give a mortgage in a stated amount to a named trustee in trust for his daughter *held,* a bequest of such stated amount to trustee secured by a lien on the real estate.

2. SAME—CONSTRUCTION—INTENT.
    General intent of the testator as found in the whole will is controlling in the matter of construing such instrument and prevails over a particular intention shown by one single provision.

3. SAME—CONDITIONS.
    Courts do not favor conditions in a will which defeat estates, particularly when the condition is dependent upon the neglect of others.

4. SAME—BEQUEST—TIME OF PAYMENT.
    Bequest given infant daughter under provision requiring that it be held in trust for her until she became 25 years of age pursuant to general provision regarding daughters below that age *held,* controlling as to time of payment rather than provision in separate paragraph requiring payment of legacies within one year after testator's death.

5. SAME—LEGACIES—INTEREST.
    Generally, interest on a general legacy is payable from time when legacy ought to be paid until time when it is paid unless otherwise provided by will or statute.

6. SAME—LEGACIES—TIME OF PAYMENT—INTEREST.
    When time for payment of legacy is fixed by the will and there are not other controlling considerations, interest is due only from time designated for its payment.

7. SAME—LEGACY—FAILURE TO PROVIDE INTEREST.
    Bequest to minor daughter of testator in form of mortgage lien against devises of undivided shares to widow and adult son which did not direct payment of interest *held*, to carry no interest.

Appeal from Kent; Brown (William B.), J. Submitted October 22, 1935. (Docket No. 86, Calendar No. 38,599.) Decided January 6, 1936.

Bill by Helen E. Saunders, individually and as guardian of Mary Dell Saunders, against the Michigan Trust Company, executor and trustee of the last will of Louis B. Saunders, deceased, Marian Gale Saunders and Louis B. Saunders, Jr., for the construction of a will and other relief. Cross-bill by Louis B. Saunders, Jr., and Marian Gale Saunders against plaintiffs and defendant Michigan Trust Company for construction of a will and other relief. From decree, plaintiff Helen E. Saunders, guardian of Mary Dell Saunders, appeals. Affirmed.

*Dean S. Face,* for plaintiff.

*Knappen, Uhl, Bryant & Snow,* for defendant Michigan Trust Company.

*Gale Saunders,* for defendants Saunders.

EDWARD M. SHARPE, J. This is an action to construe the last will and testament of Louis B. Saunders, deceased. Testator died in December, 1932, leaving an estate appraised at approximately $100,-

000. He was survived by his widow, Helen Saunders; Louis B. Saunders, Jr., and Marian Gale Saunders, the adult children of a previous marriage; and Mary Dell Saunders, born in 1929, the daughter of deceased and Helen Saunders.

At the time of testator's death, he was 55 years of age and for many years had been engaged in the real estate and insurance business. During his lifetime he had provided for his older daughter, Marian Gale Saunders, who is now a practicing attorney. He also took his son into business with him as an associate.

The will was executed in November, 1930, and a codicil added thereto in December, 1931. The pertinent parts of the will are the following paragraphs:

"Paragraph 13. I give and devise the north half of lot 96, Kent plat, Grand Rapids, Michigan, in equal undivided shares to such of my said wife, Helen E. Saunders, and my said son, Louis B. Saunders, Jr., as survive me, upon the condition that said devisees or surviving devisee give a mortgage thereon in the sum of $10,000 to the Michigan Trust Company, as trustee for the benefit of my daughter, Mary Dell Saunders, if she survives me, and I direct said the Michigan Trust Company to hold the same in trust for my said daughter, subject to the conditions stated in paragraph 15 of this will.

"Paragraph 14. I give, devise, and bequeath all the rest, residue, and remainder of the estate, both real and personal, of which I die seized or possessed, or to which I am in any manner entitled at my death, and wherever the same may be situated, in equal shares to such of my said wife, Helen E. Saunders, my said son, Louis B. Saunders, Jr., my daughter, Marian Gale Saunders, and my said daughter, Mary Dell Saunders, as survive me, and to the issue surviving me of such of said beneficiaries as predecease me (the issue of a deceased beneficiary to represent one share), subject, however, to the provisions of paragraph 15 of this will.

"Paragraph 15.   The portion of property distributable to either of my said daughters who shall be under the age of 25 years at the time of such distribution shall be held and continued in trust for such daughter until she attains such age and at that time shall be transferred, paid over, and delivered to her; and while so held in trust the trustee shall use and pay such amounts therefrom, income and principal, as may be necessary for the proper support and education of the respective beneficiary thereof; in the event of the death of either of my said daughters while any funds and property are held in trust for her benefit, the trustee shall distribute the same to her issue then living, if any, otherwise to those persons entitled, under the laws of Michigan then in force, to take my personal estate as though I had then died intestate and in such proportions to each as said intestate laws may determine. * * *

"Paragraph 20.   I direct my executor to pay my said wife, Helen E. Saunders, the sum of $240 per month out of my residuary estate from the date of my death and until her share of the residue is assigned to her.   This provision is made for her in order that she may have means for the support of herself and my daughter Mary Dell Saunders, and for the education of my said daughter.   I also direct it to pay my said son, Louis B. Saunders, Jr., the sum of $50 per month out of my residuary estate from the date of my death and until his share of the residue is assigned to him.   The payments so made to my said wife and son shall not be charged against their shares of the residue of my estate."

After the will was offered for probate, Louis B. Saunders, Jr., declined to execute a mortgage as provided for by paragraph 13, although Helen E. Saunders, widow, does offer to comply with the terms of said paragraph.   Suit was started to have the will construed and the trial court determined that the sum of $10,000 shall be due and payable to

Mary Dell Saunders when she attains the age of 25 years, but without interest, and to be secured by a mortgage upon the premises described in paragraph 13 of said will; and that upon the failure of the devisees to give the mortgage, the property shall be impressed with a lien to secure the payment of said legacy and the balance of said property so described shall become a part of the residue of said estate. From this decree Mary Dell Saunders, through her guardian, appeals.

The will bequeaths a legacy of $10,000 to the trustee of Mary Dell Saunders secured by a lien on the real estate described in paragraph 13. In the construction of wills, we have repeatedly held that the general intent of the testator as found in the whole instrument will govern. *Jones* v. *Jones,* 25 Mich. 401; *Quarton* v. *Barton,* 249 Mich. 474 (69 A. L. R. 820); *In re Manshaem's Estate,* 207 Mich. 1, and cited in *Michigan Trust Co.* v. *Driver,* 270 Mich. 698. It is also the rule that the general intention and purposes of the testator, as shown by the whole instrument, prevail over a particular intention shown by one single provision, *Powell* v. *Beebe,* 167 Mich. 306. Courts do not favor conditions in a will which defeat estates, particularly when the condition is dependent upon the neglect of others. *Calkins* v. *Smith's Estate,* 41 Mich. 409.

With these general rules to guide us, we have in addition the fact that the widow was awarded a furnished home, an automobile, an allowance of $240 per month during the pendency of the estate but charged with the support of herself as well as the support and education of Mary Dell Saunders, also 325 shares of stock in the Saunders-Wilford Company, as well as various lots of real estate in Grand Rapids and vicinity.

.The will also provided that the defendant Louis B. Saunders, Jr., who had been associated with the testator in the insurance business since 1929, was to have 375 shares of stock in the insurance company, as well as certain real estate in and about the vicinity of Grand Rapids, and all vacant lots owned by testator in the city of Muskegon Heights. In addition to these bequests Louis B. Saunders, Jr., was also given a one-half interest in the property described in paragraph 13, subject, however, to the lien created in favor of Mary Dell Saunders. This property is known as the Saunders Insurance Building and is the place where testator conducted his insurance business. In addition, each of the heirs was to receive a one-fourth interest in the residuary estate.

The contest in this case grows out of the proper interpretation to be placed upon paragraph 13, whether the legacy made therein is to be paid within one year after testator's death or at some future designated date. In paragraph 13 the testator directed that the legacy be secured by a mortgage and its payment to be deferred until Mary Dell Saunders attained the age of 25 years, while paragraph 18 of the will directs that the legacies named in the will be paid within one year after testator's death. We therefore conclude that it was the intent of testator that this legacy should be paid when Mary Dell Saunders attained the age of 25 years.

Having arrived at this conclusion, the next question that presents itself to us is the rate of interest that the mortgage will carry and the date when interest will begin.

"It is a general rule that, unless otherwise provided by the will or by statute, interest is payable

on a general legacy, from the time when the legacy ought to be paid, until the time when it is paid." 69 C. J. p. 1260.

"When the time for the payment of a legacy is fixed by the will and there are not other controlling considerations, interest is due only from the time designated for payment of the legacy." 28 R. C. L. p. 354.

See, also, *In re Berbling's Estate,* 134 Misc. Rep. 730 (236 N. Y. Supp. 367); *In re Lewis Estate,* 210 Mo. App. 74 (240 S. W. 493); *Hallett & Walker* v. *Allen,* 13 Ala. 554; *In re Hoskinson's Estate,* 268 Pa. 447 (112 Atl. 125).

In the case at bar, the testator did not direct that the mortgage should carry interest; and in view of the fact that testator adequately provided for Mary Dell Saunders' support through the liberal provisions for her mother, who also has certain obligations concerning the support and education of their minor child, we think that testator did not anticipate any income from this mortgage until its due date. Had he intended the mortgage to carry interest from its inception he could easily have so provided as well as stated the rate of interest.

The lower court made no ruling to cover the contingency that one devisee might accept and the other refuse the bequest made in paragraph 13 of the will, nor is this subject briefed and submitted to this court by the appellants; we, therefore, decline to render any opinion upon the same.

The decree of the lower court is affirmed, with costs to appellee.

North, C. J., and Fead, Wiest, Bushnell, and Potter, JJ., concurred with Edward M. Sharpe, J.

Butzel, J. (*concurring*). I concur in the result reached by Mr. Justice Edward M. Sharpe, but, in

so doing, I place no stress upon clause 20 providing for the allowance to the widow for herself and minor child during the year following the testator's death. Such bequest provides only for a widow's allowance. A careful reading of clause 15 relative to advances of principal and interest for the support and education of testator's daughters would naturally suggest—how could anything be paid to Mary Dell Saunders if the $10,000 mortgage did not bear interest and was not payable until she reached the age of 25? She, however, participated to the extent of one-quarter in the residue of the estate. A similar provision in regard to the advances of principal and interest is made for Marian Gale Saunders, an adult daughter. She receives no other bequest or devise of any kind than also one-quarter of the residue. This leads one to the conclusion that the advances of principal and interest to the daughters referred to the residue in each instance. While the will is so drawn as to leave considerable uncertainty as to whether the $10,000 was to bear interest or not, we can only determine the question by what appears with reasonable certainty that the testator intended. The construction sought by appellant does not appear with such certainty nor can we change the will or make additional provisions even if we believe they should have been made by the testator. For this reason, I concur in the result.

FEAD, BUSHNELL, and POTTER, JJ., concurred with BUTZEL, J.