In the Matter of the Estate of CHARLES W. WRIGHT, Deceased.

Surrogate's Court, Bronx County, February 1, 1938.

*Lammers & Mullaney* [*Frank E. Lammers* of counsel], for Albert E. Wright and Lora B. Nalond, as executors, etc.

*Carl Eill Schiffer*, special guardian.

HENDERSON, S. The testator was a native of Great Britain who for many years had been a naturalized American citizen. His statutory distributees are Albert E. Wright, a brother, and Clara L. Nalond, a sister, residents of the United States, Ethel C. Wood and Elsie A. Knott, daughters of a sister, Annie J. Wood, and Dorothy M. Wood, the daughter of Theodore Wood, deceased son of Annie J. Wood, residents of England.

The will is dated December 6, 1933, and was admitted to probate on December 7, 1935. The three numbered paragraphs provide:

"*First*. After my lawful debts are paid, I give, devise and

bequeath all my property, real and personal, consisting of: $10,000 par value Lincoln-Forty-Second Street Corporation First Mortgage Sinking Fund Gold Loan due 1953; 150 shares Consolidated Gas Company of New York no par value common stock; 200 shares no par value common stock General Electric Company; 100 shares U. S. Steel Corporation preferred stock of the par value of $100 and 30 shares no par value Radio Corporation common stock as well as premises 1719 Undercliff Avenue, Bronx, and the vacant lot north; and the proceeds of sale of property situated at the southwest corner of 207th Street and Cooper Street, Borough of Manhattan, 100' by 100' to Albert E. Wright and Lora B. Nalond, *in trust*, nevertheless, to invest, reinvest and keep invested, and I direct my said trustees to collect the income therefrom and to pay over to my beloved brother, Albert E. Wright, of 1719 Undercliff Avenue, Bronx, during his natural life, the net income therefrom at such intervals as may be most convenient to my said brother.

" *Second*. Upon the death of my said brother I hereby give, devise and bequeath the corpus of said trust to Lora B. Nalond of 1719 Undercliff Ave. Bronx, for her own use forever.

" *Third*. I hereby empower my Executors and Trustees, hereinafter named, to sell at private or public sale any of my property, real or personal.

" I hereby appoint Albert E. Wright and Lora B. Nalond to be trustees and executors of this my last Will and Testament, without bond."

The real and personal property enumerated in paragraph first has a value of approximately $60,000. The executors have come into possession of additional assets of over $27,000, part of which is in the United States and part in England.

The executors have petitioned for a construction of paragraph first of the will so as to secure a determination with respect to the disposition of the assets not enumerated in the will. The petitioners urge that the trust should include all the decedent's property after the deduction of administration and funeral expenses and debts. The special guardian for Dorothy M. Wood contends that there is an intestacy consisting of those properties discovered by the executors which were not mentioned in the will.

The decedent attempted to execute in this State another paper dated December 12, 1930, which purported to dispose of his English properties, but probate was denied because of lack of publication. That document read:

" I Charles William Wright of The Ferns Lime Grove Walk Matlock in the County of Derby Gentleman a naturalized American subject hereby revoke all former Wills and Codicils made by me

relating to my estate of any description situate in the British Isles and hereby declare that I have in accordance with the laws of the American nation duly made and executed a Will dealing with all my estate in America but which Will does not affect the disposition of my estate in the British Isles I appoint Duncan Arthur Holdsworth Knott of Irby-Croft St. Mary's Lane Louth in the County of Lincoln Timber Merchant and Charles Hadfirth Lymn of Matlock in the County of Derby Solicitor (hereinafter called ' my trustees ') to be the Executors and Trustees of this my Will relating to property in the British Isles and declare that such appointment shall in no way affect any appointment of Executors and Trustees of any will of mine relating to my property in the United States of America. I devise and bequeath the whole of my property both real and personal and of whatever nature or kind soever situate in the British Isles to my Trustees *upon trust* to sell call in and convert such part thereof as shall not consist of money and to invest such proceeds after payment of expenses in Trusted securities for the time being authorized by law with power to vary such investments from time to time as they may think fit and to pay the income arising from such investments (hereinafter called ' my residue ') unto and equally between Ethel Caroline Wood of Erne Croft 41 Abbey Road in the County Borough of Grimsby and Dorothy Constance Wood of 8 Portland Place Grimsby afsd *upon* the death of either of the said Ethel Caroline Wood and Dorothy Constance Wood *I give devise and bequeath* one half of the said residue to Dorothy Margaret Wood (daughter of the said Dorothy Constance Wood) absolutely so that upon the death of both of them the said Dorothy Margaret Wood will become entitled to the whole of the residue absolutely *the* said Charles Hadfirth Lymn and any Trustee hereof for the time being being a solicitor or engaged in any profession or business may charge and be paid all his usual Professional or other charges."

In the construction of a will the ascertainment of the testator's intention is the primary object of the court. Decisions so holding are so numerous that citation of authority is scarcely necessary. (*Matter of Gary,* 261 N. Y. 244; *Matter of Martin,* 255 id. 248.)

The testator did not mention part of his property in the will for one of three reasons: (1) That he intended to place in the trust only the enumerated property. He may have used the phrase " consisting of " as words of limitation determinative of the extent of the bequest, for those words ordinarily mean " composed of " or " made up of." Used in that sense, his intention that the balance of his property should be distributed by statute as in intestacy is clear. (2) That he believed that he had already made a valid

disposition of his English holdings. If such was his belief it is equally clear that he had no intention of including the British property in the trust under consideration. (3) That his other property was omitted from the enumeration by inadvertence. As he had testamentary capacity, it must be assumed that he knew he was possessed of this property, for it was a substantial part of his estate, over $27,000 in a gross estate of less than $90,000. Even if he believed that he had disposed of the English property by the instrument denied probate, the assets in the United States which he omitted consisted of three substantial items valued at almost $13,000. It cannot be said that it must be necessarily implied that he intended even the three substantial items of American property to be included in the trust. To say that he intended to include property other than that enumerated would of necessity be based on surmise, conjecture or speculation. It would require reading into the will an intention nowhere therein expressed by the testator. This the courts have consistently declined to do, especially where, as in the instant case, such a construction involves the disinherison of persons who are the natural objects of decedent's bounty. (*Brown* v. *Quintard*, 177 N. Y. 75; *Bradhurst* v. *Field*, 135 id. 564; *Post* v. *Hover*, 33 id. 594.)

The testator died intestate as to those portions of his estate not enumerated in his will. The enumerated property constitutes a specific devise and bequest. The debts and the administration and funeral expenses should be paid out of the intestate property.

Settle decree.