In the Matter of the Construction of the Will of JOHN J. DIXON, Deceased.

Surrogate's Court, Kings County, January 9, 1948.

*Cain & Gruning* for William D. Breen, as administrator of the estate of William J. Dixon, deceased executor of John J. Dixon, deceased, petitioner.

*Gwinn & Pell* for Robert J. Quinn, as administrator of the estate of Grace R. Quinn, deceased.

*Frank W. Demuth* for Marion O. Warden and others, respondents.

*Nathaniel L. Goldstein, Attorney-General (Anthony P. Rusin* of counsel), for Director of Creedmoor State Hospital.

McGAREY, S. In this proceeding construction is sought of the testator's will which was executed May 2, 1933. Testator died August 24, 1934, at the age of sixty-nine years.

He and his first cousin, William, were partners in business for many years and were closely knit together by family ties. The will was drawn on a printed form and in the handwriting of a lawyer of many years experience and of excellent standing at the Bar, who has since died. He was a subscribing witness, and the other subscribing witness was his office associate, who has since died and who, likewise, was an attorney of long standing and excellent reputation at the Bar. This court knows that both of them had had considerable experience in the preparation and execution of testamentary documents and the administration of estates.

The will is plain and simple in its language and gives the testator's interest in the partnership assets to his partner and cousin and devises his real estate, likewise, to the cousin. It is notice-

able that in the parts of the will dealing with personal property, the draftsman used the words, " I give and bequeath ", whereas, in that part dealing with real property, he used the words, " I give and devise ", showing knowledge of legal phraseology.

In addition to his interest in the real estate, which was used in the business, and partnership assets, testator had a savings bank account and a checking account in his individual name. The two bank accounts constitute the subject matter of the controversy.

The petitioner, as administrator of testator's deceased partner's estate, contends that testator intended to leave everything, including nonpartnership assets, to his cousin, whereas, the objecting respondents contend that he died intestate with respect to such items. It is not only possible, but probable that the testator intended to leave all his property, real and personal to his partner and cousin. In construing his will, however, the court must find his testamentary intent from the language used where that language is understandable and has received a definite interpretation by the courts and must be guided by applicable judicial decisions.

It is true that where the language of the will is capable of two interpretations, one resulting in intestacy as to part or all of the property and the other a complete disposition of testator's assets, the latter is preferred. The court may not ignore the use or absence of words which clearly result in intestacy. Here there is no residuary clause. There is nothing but gifts of specific personal property and a specific devise of his real estate to his partner and cousin. No case has been cited by counsel which would permit this court to construe this will as otherwise than resulting in intestacy as to the two items standing in the individual name of this testator. All of the cases cited by petitioner are clearly distinguishable and deal with wills which contain words and phrases clearly indicating a desire to dispose of all property of which the respective testators died seized or possessed. It is unnecessary for this court to refer to these decisions.

It would have been a simple matter for the testator to have included in his will a residuary clause or otherwise have expressed in words a desire that everything he owned should go to his cousin and partner. In its effort to avoid intestacy, an apparent result which the testator probably never intended or realized, this court cannot supply a residuary clause or delete any words which were used by the testator, namely, the words

at the end of the first paragraph, " belonging to said firm," which were, likewise, used at the end of the second paragraph.

The court, therefore, holds that testator died intestate as to the two items of personal property in his individual name separate and apart from his partnership holdings.