### GEORGE *v.* CONKLIN.

1. WILLS—JOINT WILL—SPECIFIC PERFORMANCE OF CONTRACT.
   Equity may specifically enforce agreement between husband and wife who had bound themselves by contract at time they executed their joint will which became irrevocable by the survivor after the death of the party first passing.

2. SAME—JOINT WILL—ACTION BY SURVIVOR.
   It was not contemplated that survivor of husband and wife who had made joint will might defeat the expressed purpose of both parties as to the final disposition of their property, where will provided the survivor was to have life use of the entire property, with power to dispose of it, subject to the provision that the property remaining on the death of the survivor should pass to the beneficiaries named, equally to their respective heirs.

REFERENCES FOR POINTS IN HEADNOTES
[1]  57 Am Jur, Wills § 717.
[2]  57 Am Jur, Wills § 706 *et seq.*
[3, 5]  57 Am Jur, Wills §§ 712, 713.
[4]  3 Am Jur, Appeal and Error § 900.
[6]  57 Am Jur, Wills § 700 *et seq.*
[7]  33 Am Jur, Life Estates, Remainders and Reversions § 250.

.3. Same—Joint Will—Contracts—Irrevocability.

A joint will that has been executed pursuant to an agreement of the testators to devise their separate property to certain designated beneficiaries, subject to a life estate or other interest in the survivor is generally irrevocable when, upon the death of one, the survivor avails himself of the benefits of the devise in his favor.

4. Same—Joint Will—Contracts—Finding of Court—Evidence.

Evidence in suit to establish contract *held*, sufficient to support trial court's finding that joint will had been executed pursuant to an agreement between husband and wife to leave equal shares to their respective heirs upon the death of the survivor who was to have a life use of the entire property, was binding upon husband after death of the wife, hence, his subsequent will leaving the property otherwise than as provided in the joint will was without effect.

5. Same—Joint Will—Life Estate—Power to Dispose.

Provision of husband and wife's joint will giving a life use of the entire property "to be used or disposed of as the survivor may see fit, and on the death of the survivor the property of both then remaining * * * shall be treated as one and the same, and be disposed of" by having remainder equally divided between heirs of the wife and heirs of the husband, did not give husband, as survivor, the right to make other testamentary disposition of the property.

6. Same—Joint Will—Intent.

The intent of the testators in a joint will should be determined from all the provisions of the will.

7. Same—Life Estate—Power to Sell or Dispose.

A will which gives a life tenant power to sell or dispose of the whole or any part of the principal as his necessities require or his judgment dictates, and an express remainder over of what remains, does not empower the life tenant to make other testamentary disposition of the property.

Appeal from Genesee; Baker (John W.), J. Submitted October 14, 1959. (Docket No. 77, Calendar No. 47,828.) Decided January 4, 1960.

Bill by Francis J. George, executor of the estate of Patrick Henry Conklin, deceased, against Edmund M. Conklin, Dorothy McCrindle Solomon, and others

to establish contract and effect transfer and conveyances under a joint will and to invalidate subsequent will. Decree for plaintiff. Defendant Solomon appeals. Affirmed.

*Cline & George (Earl J. Cline,* of counsel), for plaintiff.

*White & Newblatt (Charles W. White,* of counsel), for defendant Solomon.

CARR, J. On the 29th day of April, 1937, Patrick Henry Conklin and his wife Esther E. Conklin, residents of Genesee county, executed a written instrument which they declared "to be jointly as well as severally, our last will and testament." Following the usual provision for the payment of debts and funeral expenses the will provided that the husband, if he survived the wife, should have a life estate in 40 acres of land referred to as the "Delaney homestead" which was the sole and separate property of Mrs. Conklin. On the decease of the survivor a life interest was given to Agnes Delaney and the property was devised on her death to the heirs of Mrs. Conklin.

Item 3 of the instrument in question read as follows:

"Item 3. The one of us surviving the other is to inherit all other property, real, personal or mixed, of the other or owned jointly by the parties hereto, to be used or disposed of as the survivor may see fit, and on the death of the survivor the property of both then remaining, except that mentioned in the foregoing paragraph, Item 2, shall be treated as one and the same, and be disposed of as hereinafter provided."

Further provisions of the will directed the executor, the plaintiff in the present case, to erect a suit-

able monument and provide for the care and upkeep of the cemetery lot. A life use of remaining property was given to Agnes Delaney and thereafter, subject to the payment of 2 special legacies, the remainder of the estate, other than the Delaney homestead, was devised and bequeathed 1/2 to the heirs of the wife and the other half to the heirs of the husband.

Mrs. Conklin deceased on June 20, 1941. Probate proceedings were instituted and an order entered therein for the assignment of the residue of the estate pursuant to the provisions of the joint will. In accordance therewith Mr. Conklin took possession of the Delaney homestead, in which he was given a life estate, and continued to occupy it until his death, which occurred October 2, 1955, thereby recognizing the provisions of the joint will which he and Mrs. Conklin had executed in 1937. However, under date of December 18, 1952, Mr. Conklin executed a will, thereby undertaking to revoke all prior wills made by him. The instrument disregarded the provisions of the joint will and left bequests to his sisters and brothers and to another party. Subject to the payment of debts, funeral expenses, and special bequests, the remainder of the estate was given to the defendant and appellant in this case, Dorothy McCrindle Solomon. The will nominated as executor of the estate the plaintiff in the present case, Francis J. George, who, as above noted, was named as executor of the joint will of Mr. and Mrs. Conklin.

After the death of Patrick Henry Conklin a petition was filed in the probate court of Genesee county seeking the probate of the joint will and also of the later will of Mr. Conklin. Following a hearing said petition was granted and an order entered declaring the instruments admitted to probate as the last will and testament of deceased. The present suit in equity was thereafter instituted in circuit court for

the purpose of obtaining a determination of the controversy as to the status of the will executed by Mr. Conklin in December, 1952. It was alleged in the bill of complaint that at the time of the execution of the joint will the parties thereto had agreed that their respective properties should be disposed of in the manner set forth therein, and that the subsequent individual will of Mr. Conklin should not be probated. The court was asked to find the existence of the alleged contract pursuant to which the joint will was executed, and to decree that the property be assigned in the probate proceedings as specified in the joint will. Defendant Solomon filed answer to the bill of complaint, denying the right of the plaintiff to the relief therein sought, asserting that the individual will of Patrick Henry Conklin was not rendered nugatory by virtue of the alleged contract, and denying the existence of the claimed contract between Mr. and Mrs. Conklin with reference to the disposition of their property. Several of the other defendants in the case joined in an answer admitting the facts alleged in the bill of complaint, and asking that the relief sought be granted.

Following a hearing in circuit court the trial judge filed a written opinion, concluding that there was a contract between Mr. and Mrs. Conklin in accordance with which the joint will was executed and that, following the death of Mrs. Conklin, the survivor was bound thereby. Such finding was based on the language of the will itself and on oral testimony taken at the hearing. The judge further determined that the language of the joint will did not authorize the survivor to make testamentary disposition of the property referred to by the parties thereto. A decree was entered accordingly, and defendant Solomon has appealed.

The basic question at issue is whether Mr. and Mrs. Conklin at the time they executed their joint will in 1937 bound themselves by contract that the instrument, after the death of the party first passing, should become irrevocable by the survivor. If so, equity may enforce the agreement specifically by decreeing the probating of the joint will to the exclusion of the subsequent will made in disregard of the agreement. *Keasey* v. *Engles,* 259 Mich 178. In determining the question in the instant case we look primarily to the language of the instrument to ascertain therefrom, if possible, the intention of the parties. Particularly significant in such respect is the language of item 3, above quoted. Such language indicates clearly that the survivor of the parties was to have the use of all property not specifically disposed of, with power to dispose thereof, subject to the provision that the property remaining on the death of the survivor should pass to the beneficiaries named. It thus appears that the survivor was to receive a life use with power of disposal during his or her lifetime. With the termination of such interest by death, the parties obviously intended the remainder of the property to go, in equal shares, and subject to the specific terms of the will, to the heirs of the parties. It is scarcely conceivable that either party, at the time the joint will was executed, contemplated that the survivor might defeat the expressed purpose of both parties as to the final disposition of their property.

In *Carmichael* v. *Carmichael,* 72 Mich 76 (1 LRA 596, 16 Am St Rep 528), a husband and wife executed separate wills at the same time. It was claimed that the provisions that they made therein were the result of a mutual understanding and agreement as to what should be done with their property, the apparent object sought being an equitable division thereof among their children. Following the

death of the husband, the widow executed convey-
ances of property in disregard of the contract be-
tween the spouses pursuant to which their wills
had been executed.  After pointing out that the
contract on the part of Mr. Carmichael had been
fully performed, and that Mrs. Carmichael had ac-
cepted the benefits of such performance, it was said
(p 85) :

"A court of equity, under these circumstances,
will not permit her to rescind this contract.  If this
were an oral agreement to convey lands, there is
performance enough shown on the part of the father,
and acceptance by Ann, to authorize a decree for
specific performance of such contract.  And by the
same principle that would govern in such a case,
the performance of the contract in the present case
upon the part of the father takes the agreement out
of the statute of frauds.  The nonfulfillment of this
contract upon the part of Ann Carmichael would
be a fraud which equity will not allow.  Therefore it
will decree the performance of the agreement upon
Ann Carmichael, or take such steps as shall be
necessary to prevent her from violating her part
of the contract in fraud of the rights of these com-
plainants."

In accord with the *Carmichael Case* is *Schondel-
mayer* v. *Schondelmayer,* 320 Mich 565.  There, as
in the case at bar, a husband and wife executed a
joint will, and the question presented was whether
such action was taken in accordance with an agree-
ment between them that it was their "joint and
mutual will."  The Court concluded that the language
of the instrument indicated the existence of an agree-
ment which the survivor had failed to observe, and
that the plaintiff was entitled to specific performance
thereof.  In the course of the opinion analyzing the
situation and discussing the law applicable thereto

the Court (p 570) cited with approval Thompson on Wills (3d ed), p 238, § 153, as follows:

" 'As a general rule, a mutual or joint will may be revoked by either of the comakers, provided it was not made in pursuance of a contract. But where such will has been executed in pursuance of a compact or agreement entered into by the testators to devise their separate property to certain designated beneficiaries, subject to a life estate or other interest in the survivor, it is generally held irrevocable when, upon the death of one, the survivor avails himself of the benefits of the devise in his favor.' "

The Court also quoted with approval from *Carmichael* v. *Carmichael, supra.*

On the hearing of the instant case in circuit court plaintiff offered the testimony of a witness, John Zwierzynski, who was present in the home of Mr. and Mrs. Conklin a few days immediately prior to the execution of the joint will and who heard a conversation between them and their attorney with reference to the provisions of the instrument. According to the witness, Mr. and Mrs. Conklin explained to the attorney what they wished done with their property, Mr. Conklin stating that they wished to divide what was left of their property, after certain specific provisions, between his heirs and Mrs. Conklin's heirs, and the attorney explained to them that they could change the will by mutual agreement while both were living, but that it could not be changed by the survivor after the death of one of the parties. The witness also testified that Mr. Conklin stated to the attorney that they were making a "joint will." While the testimony of the witness is somewhat lacking as to details, it is clearly sufficient to establish that Mr. and Mrs. Conklin discussed between themselves and with their attorney what they wished to do with their property, including the disposition of what remained after

the death of the survivor. It tends to support the inferences that may fairly be drawn from the language of the will itself. The record before us fully supports the conclusion of the circuit judge that the parties to the joint will executed the instrument in accordance with a contract which was binding on the survivor.

Counsel for appellant argue in their brief that the provision in the joint will with reference to the right of the survivor to use or dispose of property, the remainder of which the parties apparently intended should be ultimately divided equally between their heirs, gave to Mr. Conklin the right to dispose of it by will. Reading item 3 in its entirety, however, it is apparent that the power of disposal, like the right to use, could be exercised only during the lifetime of the survivor. The specific statement that on the "death of the survivor" remaining property should be disposed of as provided in the will is inconsistent with the asserted right of disposal by testamentary instrument, which could not become effective other than from and after the death of the maker thereof. What the parties actually specified in item 3 of the joint will was disposal by the survivor rather than in accordance with directions that he might make by will.

In *Quarton* v. *Barton,* 249 Mich 474 (69 ALR 820), the language of the will construction of which was involved in the case gave to the wife of the testator both real and personal property for "her lifetime to do with as she sees fit." The testator further directed the disposition of his estate following the death of his wife. This Court rejected the claim that the widow took an estate in fee because of the power given to her, pointing out that the power of disposal does not in itself create an estate in property. The rule was further recognized that the intent of the testator should be determined from all

the provisions of the will. Citing prior Michigan cases and also decisions from other States, it was held that the widow took a life estate only, with power to sell and dispose of the property, but (p 483) she could not "give it away or dispose of it by will or by a deed operating as a testamentary disposition." The Court also referred to the annotation in 2 ALR, pp 1243, 1319, 1320, where it was said:

"Where a will gives a life estate for the use and benefit of the life tenant, with a power of sale or disposition, and an express remainder over of 'what remains,' or some equivalent phrase, while the life tenant is entitled thereunder to the possession and control of the property during his life, with power to dispose of the whole or any part of the principal as his necessities may require or his judgment dictate, he cannot dispose of the property by will or by a deed operating as a testamentary disposition."

The language quoted is followed by the citation and discussion of a number of prior decisions, none of them, however, from Michigan. We think the rule stated in *Quarton* v. *Barton, supra,* may properly be applied in the instant case. The conclusion follows that the will executed by Mr. Conklin in 1952 was not in accord with the agreement of the parties to the joint will and that the plaintiff, in consequence, is entitled to the relief sought.

The decree of the circuit court is affirmed, with costs to plaintiff.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.