Maximiliau Moss, S.
The court is required in this executor’s accounting to determine the distribution of assets not specifically bequeathed by the testatrix’ will. Under the terms of the will dated December 6,1948, testatrix made specific bequests of ‘1 all money ” in two savings banks arid money in Teachers Pension Fund to the Congregational Home for the Aged. The will contains no residuary clause or the disposition of any property or assets other than above-mentioned. Subsequent to her death *701 on August 6,1959, testatrix’ assets were augmented by the proceeds of a recovery in an action for her personal injuries sustained some years after the date of the will.
It is urged in behalf of the legatee, that the testatrix intended to make it her sole legatee. The object of the court is to ascertain the intention of testatrix, expressed or implied (Matter of Silsby, 229 N. Y. 396, 402 ; Matter of Selner, 261 App. Div. 618, affd. 287 N. Y. 664). The will is devoid of any indication of intent to dispose of assets other than those specifically mentioned. It has frequently been enunciated that rules of construction may never be used “ to create a disposition which the testator has not made expressly or by implication ” (Matter of Winburn, 265 N. Y. 366 ; Dreyer v. Reisman, 202 N. Y. 476 ; Matter of Kimberly, 150 N. Y. 90). The court cannot in an attempt to avoid intestacy create a residuary clause (Matter of Dixon, 191 Misc. 177). Where there is no residuary clause, intestacy results (3 Jessup-Redfield, Surrogates Law and Practice, § 2224, p. 338).
The undisposed property is first to be applied to the satisfaction of debts and payment of administration charges (Matter of Wright, 166 Misc. 52 ; Matter of Chertow, 109 N. Y. S. 2d 567) and the balance remaining distributed as in intestacy.