128 Mich. App. 713 (1983)
341 N.W.2d 188
In re BAIR ESTATE
GOULD
v.
PHELPS
Docket No. 62227.
Michigan Court of Appeals.
Decided September 14, 1983.
Westrate & Holmstrom (by Jeffrey R. Holmstrom), for appellants.
Hadsell, Landgraf & Smith (by Philip A. Hadsell, Jr.), for appellee.
Before: DANHOF, C.J., and ALLEN and K.N. HANSEN,[*] JJ.
PER CURIAM.
This case involves the construction of a joint and mutual will executed by Gurves and Berna Bair in 1948, which reads:
"We, Gurves F. Bair and Berna M. Bair, being each of sound mind and disposing memory, do make, publish and declare, this, as our joint will and testament.
"We hereby provide that the conditions of this instrument shall in no wise alter or change the condition existing by reason of the fact that all of our property is now so owned that it will pass to the survivor upon the death of either of us and this will is made solely for the purpose of providing for the disposition of our property in the event that we are both killed in the same accident or one of us is killed and the survivor shall be in such condition, either mentally or physically that he or she is unable to make a disposition of his or her property. We hereby give, devise and bequeath all of our property, such as, Real Estate, Personal, Life Insurance, *715 Household Goods and Bonds etc., to Nina Phillips Lake.
"Also we hereby nominate and appoint the same Nina Phillips Lake, the sole executrix, of this our joint will and testament.
"In witness whereof, we have to this, our last will and testament, set our hands this 7th day of July, A.D. 1948.
 "/s/ Gurves F. Bair
 "/s/ Berna M. Bair"
Gurves predeceased Berna, who died March 13, 1979. Berna was survived by two siblings, Edward J. Phillips and Nina Lake, and several nieces and nephews. Both siblings died soon after Mrs. Bair.
The personal representatives of the estate of Edward Phillips objected to the admission of the will into probate, arguing that the distribution to Nine Lake was conditioned on (1) simultaneous death or (2) death of one testator and the mental or physical incompetency of the other. Since neither of these conditions occurred, the Phillips estate argues that it was the testator's intent that the property pass by intestate succession. The personal representatives of the Bair estate argue that the above language merely indicated the motivating circumstances which prompted the Bairs to draft the will, and that it was their intention that the will be absolute. The parties stipulated that there were no factual disputes and the matter was submitted to the probate court on briefs. An oral decision was rendered by the court on July 21, 1981, holding that the bequest under the will was absolute and the conditional language merely indicated the Bairs' motivation for drawing up the will. An order admitting the will to probate was entered on January 15, 1982. The Phillips estate appeals as of right.
*716 The cardinal rule in will cases is to ascertain and give effect to the intent of the testator. Intent is to be gleaned from the will itself unless an ambiguity is present. Where there is an ambiguity the court looks outside the four corners of a will in order to carry out the testator's intent and may consider surrounding circumstances and rules of construction in establishing the intent. In re Kremlick Estate, 417 Mich 237; 331 NW2d 228 (1983). While there is a presumption in favor of testacy, this presumption only applies where the will is reasonably susceptible of more than one construction. Powell v Beebe, 167 Mich 306, 313; 133 NW 8 (1911). The presumption will not overcome the plain language of the will and the expressed intention of the testator as it appears therein. Rozell v Rozell, 217 Mich 324, 330; 186 NW 489 (1922).
We believe the language of the will is clear and unambiguous. To reiterate, the will reads:
"[T]his will is made solely for the purpose of providing for the disposition of our property in the event that we are both killed in the same accident or one of us is killed and the survivor shall be in such condition, either mentally or physically that he or she is unable to make a disposition of his or her property." (Emphasis added.)[1]
The trial court, in finding this language ambiguous, thought it unreasonable that the Bairs would go to all the trouble of drafting and executing a *717 will to cover such unlikely events as simultaneous deaths or incompetency of the survivor, while ignoring the likely situation which occurred here. However, the Bairs executed the will knowing that the surviving spouse would receive all of the property since it was held by the entireties. We do not find it unusual that the Bairs intended that the surviving spouse be free to determine how the property would be distributed after her or his death  free from legal complications which can arise when the surviving spouse attempts to revoke a joint will. See George v Conklin, 358 Mich 301; 100 NW2d 293 (1960), and cases cited therein, for a discussion of the law concerning revocation of a joint and mutual will by the surviving spouse.
We could locate no cases in Michigan involving language similar to the language in controversy. We note, however, that other jurisdictions have held that similar language is conditional. See American Trust & Safe Deposit Co v Eckhardt, 331 Ill 261; 162 NE 843 (1928); Methodist Church of Sturgis, Inc v Templeton, 254 Miss 197; 181 So 2d 129 (1965); Jackson v Estate of Jackson, 249 Ark 749; 460 SW2d 799 (1970); Glover v Reynolds, 135 NJ Eq 113; 37 A2d 90 (1944), aff'd 136 NJ Eq 116; 40 A2d 624 (1945); In re Estate of Dickerhoff, 267 So 2d 388 (Fla App, 1972).
The order admitting the will to probate is reversed and the matter is remanded for further proceedings. Costs to appellants.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.
[1] We note that this language much more clearly indicates an intent that the will be conditional than the language of the codicil in the case, In re Trager's Estate, 413 Ill 364; 108 NE2d 908 (1952), which was relied upon by the trial court. The testator's codicil in Trager read, "In case my wife * * * and myself should both be killed or die within a short time of each other", followed by an elaborate disposition of his property to his collateral heirs and his wife's property to her collateral heirs.