*In re* SHAW ESTATE

Von GUNTEN v McMASTER

Docket No. 71535. Submitted May 15, 1984, at Detroit.—Decided November 6, 1984. Leave to appeal applied for.

Proponent, Anna M. Von Gunten, personal representative of the estate of Rachel A. Shaw, deceased, brought a petition in the Macomb County Probate Court asking the court to construe and interpret paragraph III of the decedent's will. The will was the joint and mutual will of the deceased and a husband who predeceased her. The court, James F. Nowicki, J., found paragraph III to be a residuary clause passing the entire residue of the estate to the decedent's niece, the proponent. Contestants, Robert and James McMaster, appeal arguing, as they did below, that paragraph III was a simultaneous death clause, that the simultaneous death condition was not fulfilled, and that the residuary clause was ineffective. Contestants contend that the will lacks a residuary clause and that the estate should pass by the laws of intestate succession. *Held:*

The will is unambiguous and is reasonably construed to pass the residue of the estate to the persons named in paragraph III. The proponent's contention that Mr. and Mrs. Shaw did not intend that proponent would take the residue of the estate only in the event of a simultaneous death is supported.

Affirmed.

M. J. KELLY, P.J., dissented and would hold that the trial court's inconsistency in reasoning cannot be rationalized and merits reversal. He noted that while on the one hand the trial court deemed the will unambiguous, it nevertheless erroneously considered extrinsic evidence when considering the intention of Mrs. Shaw. Therefore, he believes that error occurred when Mrs. Shaw's intention was not gleaned from the four corners of the unambiguous will. He would also disagree with the determination that the testators intended to pass the residue of the estate to the proponent. He believes that the testators' intent

REFERENCES FOR POINTS IN HEADNOTES
[1-6] 80 Am Jur 2d, Wills §§ 1128, 1140 *et seq.*
[2] 80 Am Jur 2d, Wills §§ 1175, 1176.
[5] 80 Am Jur 2d, Wills §§ 1160, 1161.

cannot be gleaned from the four corners of the instrument itself since the testators did not have enough foresight to anticipate and to provide for the disposition of property of the survivor on her death. He believes that the property should pass under the laws of intestate succession and would reverse.

### OPINION OF THE COURT

1. WILLS — JUDICIAL CONSTRUCTION.

The primary duty of any court faced with the task of resolving a disputed testamentary disposition is to effectuate as nearly as possible the intention of the testator; the court correctly limits its inquiry to the four corners of the will where the will is unambiguous.

2. WILLS — JUDICIAL CONSTRUCTION — PRESUMPTION AGAINST INTESTACY.

A construction of a provision of a will resulting in intestacy will not be adopted if by any reasonable construction it can be avoided where the provision is susceptible to more than one construction; however, the presumption against intestacy cannot overcome the plain language of the will and the expressed intention of the testator as it appears in the will, nor can the presumption be used to create a bequest which the testator has clearly failed to indicate.

3. WILLS — JUDICIAL CONSTRUCTION.

It is the duty of the Court of Appeals to harmonize all of the provisions of a will in construing the will.

4. WILLS — JUDICIAL CONSTRUCTION.

The general intent of the testator, as shown by the whole instrument, prevails over a particular intent shown by one single provision in the judicial construction of a will.

5. WILLS — JUDICIAL CONSTRUCTION.

A court is bound to supply an omitted disposition when construing a will containing no ambiguity in its language if a basis is found in the will itself clearly indicating testamentary intention to make the disposition omitted but necessarily implied therefrom.

### DISSENT BY M. J. KELLY, P.J.

6. WILLS — JUDICIAL CONSTRUCTION.

*A court construing a will is prohibited from engaging in speculation in ascertaining the intent of the testator.*

*Archer, Kenney & Wilson* (by *Robert K. Archer*), and *Norman L. Zemke,* for the will Proponent.

*Marvin D. Sharon, P.C.* (by *Marvin D. Sharon*), for the will Contestants.

Before: M. J. KELLY, P.J., and BRONSON and C. W. SIMON,* JJ.

PER CURIAM. Contestants, Robert McMaster and James McMaster, nephews of Rachel A. Shaw, deceased, appeal as of right from a May 2, 1983, order of the probate court, construing and interpreting the decedent's will.

The court found paragraph III of decedent's last will and testament to be a residuary clause passing the entire residue of her estate to Anna M. Von Gunten, decedent's niece and the will proponent. Contestants argued below, and again on appeal, that paragraph III is a simultaneous death clause, that the simultaneous death condition was not fulfilled, and that the residuary clause is ineffective. Contestants therefore contend that the will lacks a residuary clause, and that the estate of the decedent should pass by the laws of intestate succession. We affirm the probate court's order.

Paragraph II of the will is a joint and mutual residuary clause providing that in the event Rachel Shaw or Ralph Shaw died the residue of the estate would be left to the survivor. Paragraph III provides:

"Provided, however, that in the event our deaths shall be simultaneous or that neither of us shall survive the other for a period of at least thirty (30) days, then and in such event, we, and the each of us, do and does hereby give, devise and bequeath all the aforesaid rest, residue and remainder of our estate and the estate of

* Circuit judge, sitting on the Court of Appeals by assignment.

each of us to the following named people and in the manner described;

"One half to Ralph's mother, Mrs. Grace Eteo, but in the event of her death prior to the effective date of this Will her share goes to Ralph's brother, Elwood Shaw;

"One half to Rachel's neice *[sic]*, Anna M. Von Gunten;"[1]

Rachel Shaw died more than two years after her husband died. We do not lightly dismiss contestants' argument that in view of the will's failure to expressly provide for the contingency which, in fact, occurred, *i.e.,* nonsimultaneous death, the residue of the estate passes under the laws of intestacy. We are ultimately guided by the rule that the primary duty of any court faced with the task of resolving a disputed testamentary disposition is to effectuate as nearly as possible the intention of the testator. *In re Butterfield Estate,* 405 Mich 702, 711; 275 NW2d 262 (1979).

The parties essentially agree with the trial court's finding that the will is unambiguous. The court correctly limited its inquiry to the four corners of the will. *In re Stuart's Estate,* 274 Mich 282, 284; 264 NW 372 (1936). Where a provision of a will is susceptible to more than one construction, a constuction resulting in intestacy will not be adopted if by any reasonable construction it can be avoided. *Powell v Beebe,* 167 Mich 306, 313; 133 NW 8 (1911). However, the presumption against intestacy cannot overcome the plain language of the will and the expressed intention of the testator as it appears in the will. *Rozell v Rozell,* 217 Mich 324, 330; 186 NW 489 (1922). Nor can the pre-

---

[1] The court additionally ruled that since Grace Eteo and Elwood Shaw predeceased the testators, the applicable antilapse statute requires that the entire residue of the estate passes to the sole residuary survivor, Anna M. Von Gunten. Contestants do not directly challenge this latter finding.

sumption be used to create a bequest which the testator has clearly failed to indicate. *LaMere v Jackson,* 288 Mich 99, 103; 284 NW 659 (1939).

The issue presented in the instant case was recently considered by this Court in *In re Bair Estate,* 128 Mich App 713; 341 NW2d 188 (1983).[2] The Court held that the joint and mutual will clearly and unambiguously evidenced the testators' intent to pass the estate to Nina Phillips Lake in the event of the simultaneous death of the testators or incompetency of the surviving spouse, but otherwise the surviving spouse would receive the estate. In so holding, the Court emphasized the language of the will which read:

"[T]his will is made *solely for the purpose* of providing for the disposition of our property *in the event* that we are both killed in the same accident or one of us is killed and the survivor shall be in such condition, either mentally or physically that he or she is unable to make a disposition of his or her property." 128 Mich App 716. (Emphasis added by the Court of Appeals.)

Our construction of the instant will is not inconsistent with this Court's construction of the Bair will. First, the definitive language emphasized by the *Bair* Court does not appear in the instant will. Second, mindful of this Court's duty to harmonize all of the provisions of a will, *Stebbins v Stebbins,* 86 Mich 474, 478; 49 NW 294 (1891), and the rule that the general intent of the testator, as shown by the whole instrument, prevails over a particular intent shown by one single provision, *Saunders v Michigan Trust Co,* 274 Mich 310, 314; 264 NW 382 (1936), other clauses of the will support the proponent's contention that Mr. and Mrs. Shaw did not intend that proponent would take the

---

[2] Surprisingly, neither party to this appeal cited this case.

residue of the estate only in the event of a simultaneous death.

Paragraph V provides that the survivor can alter the terms of the will or write a new will. Under contestants' interpretation, paragraph V would be mere surplusage since, 30 days after the death of the first spouse, the surviving spouse, by virtue of acquiring the estate, would automatically possess the power to alter the terms of the will or write a new will. On the other hand, if paragraph III is construed as a residuary clause, there is a need for the survivor to expressly reserve the power to alter the will.

Furthermore, paragraph VII of the will provides that upon the death of both Mr. and Mrs. Shaw, Anna M. Von Gunten is to be appointed executrix. Paragraph VII does *not* condition the latter appointment upon the simultaneous death of the testators. If the operation of paragraph III is limited to the simultaneous deaths of the testators, then, in the event of non-simultaneous deaths, paragraph VII would also be rendered virtually meaningless[3] since there is no need for appointment of an executrix for a will no longer in effect.

The cases cited by contestants from this jurisdiction, as well as others, are distinguishable. In *Lee v Gaylord,* 239 Mich 274; 214 NW 104 (1927), the testator clearly failed to devise one-half of the remainder of his estate. In *LaMere v Jackson, supra,* p 103, the Court held a residuary clause void for uncertainty because any construction would have been "the purest speculation". *In re Erhardt's Will,* 28 Misc 2d 700; 213 NY S2d 169 (1961), cited by contestants for the proposition that when a will is devoid of any attempt to dispose of assets other than those specifically mentioned the

---

[3] The only other clause of the will which passed property, paragraph IV, devised all of Rachel Shaw's jewelry to the proponent.

court may not create a disposition which the testa-
tor has not expressly or impliedly made, does not
refute proponent's analysis which rests on con-
struction of paragraph III as a residuary clause.

More recently, the New York Surrogate's Court
was confronted with a situation almost identical to
the instant case. *In re D'Alessandro's Will,* 55 Misc
2d 909; 286 NY S2d 914 (1968), involved a joint
and mutual will of a husband and wife who be-
queathed "all our estates and effects * * * unto
the survivor of either of us". Paragraph III con-
tained a residuary clause allegedly to take effect
only upon the simultaneous death of the testators.
The will did not provide for the contingency which
occurred, *i.e.,* the non-simultaneous deaths of the
husband and wife, nor did it provide for distribu-
tion upon the death of the surviving spouse, nor
did the will name any other beneficiaries.

The New York Surrogate's Court held that a
reading of all of the provisions of the will demon-
strated that after accomplishing their primary
purpose of bequeathing all of their property to
each other as survivor, the testators intended as
their beneficiaries the proponents of the will
named in paragraph III. Holding that only the
named proponents were entitled to share in the
estate, the court stated:

"Here there is no ambiguity in the language of the
will, but there is an omission which the court is bound
to supply if a basis is found *in the will itself* clearly
indicating testamentary intention to make the disposi-
tion omitted but necessarily implied therefrom." *In re
D'Alessandro's Will, supra,* p 920. (Emphasis in origi-
nal.)

Likewise, we believe the instant will is reason-
ably construed to pass the residue of the estate to
the persons named in paragraph III.

Affirmed.

M. J. KELLY, P.J. *(dissenting).* I respectfully dissent. I cannot draw from the four corners of the will the intention to pass the residuary estate to Anna M. Von Gunten.

The fundamental rule behind judicial review of wills is to discern the testator's intent and to carry out the intent as near as possible. *In re Bair Estate,* 128 Mich App 713, 716; 341 NW2d 188 (1983). Unless an ambiguity exists, the intent must be gleaned from the four corners of the instrument itself. *In re Butterfield Estate,* 405 Mich 702, 711; 275 NW2d 262 (1979). Although testacy is presumed, *Powell v Beebe,* 167 Mich 306, 313; 133 NW 8 (1911), such a presumption cannot overcome the plain language of the will and a testator's express intention as it appears therein. *Rozell v Rozell,* 217 Mich 324, 330; 186 NW 489 (1922). In ascertaining intent, a court is prohibited from engaging in speculation. *In re Dodge Trust,* 121 Mich App 527, 541; 330 NW2d 72 (1982), *lv den* 418 Mich 878 (1983).

In this case, the trial court determined that the will contained no ambiguity and thus refused to allow in evidence the deposition of the scrivener of the will. In rendering its opinion the trial court stated that "There was evidence that was adduced at the trial of the matter showing the deceased carrying on as to this in referring to this matter as her will, not revoking same * * *". This apparently was in reference to testimony adduced at the revocation hearing concerning Rachel Shaw's actions and conduct subsequent to her husband's demise. It therefore appears to me that while on one hand the trial court deemed the will unambiguous, it nevertheless erroneously considered extrinsic evidence when considering the intention of

the testator. This is directly contrary to well estab-
lished law that in an unambiguous will the testa-
tor's intention must be gleaned from the four
corners of the instrument itself. *In re Butterfield
Estate, supra.* Therefore, I would conclude that
this inconsistency in the trial court's reasoning
cannot be rationalized and merits reversal.

Further, I cannot glean from reading the instru-
ment in its entirety that the testators intended to
pass the residue of the estate to Ms. Von Gunten.
Such an intent assumes that the will intended to
effectuate the disposition of residual property sub-
sequent to the surviving spouse's death. From my
reading of the will it is clear that its purpose was
to dispose of property either in the event of their
simultaneous death or where one spouse prede-
ceased the other. There is no language indicating
otherwise. It is simply a situation where the testa-
tors fail to anticipate far enough ahead. If the
parties did not have enough foresight to anticipate
and to provide for the disposition of property of
the survivor on her death, how can it be said that
such an intent can be gleaned from the four
corners of the will? It simply cannot.

Can it be said that, had Mrs. Shaw predeceased
her husband and he in turn kept the will in force
without altering it, the court would have then
concluded that simply because Ms. Von Gunten
was appointed executrix and received Mrs. Shaw's
personal jewelry by way of specific bequest she
also would be the residuary legatee even though
she bore no relation to Mr. Shaw? I think not. A
construction inferring such an intent · is based
upon mere speculation and extrinsic evidence. In
essence it rewrites the will to include such an
intent. Therefore I would conclude that since nei-
ther the simultaneous death nor death of one of
the testators within 30 days of the other occurred,

the contingencies in paragraph III were not satis-
fied. Thus I would hold that the property, with the
exception of the jewelry, passed under the laws of
intestate succession.