# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* Estate of JOYCE GAIL BLOHM.

---

KATHY BLOHM and PAMELA BLOHM and
HUNTINGTON BANK, Co-Personal
Representative,

        Petitioners-Appellees,

v

ANGELA L. ERDMAN, Co-Personal
Representative,

        Respondent-Appellant.

UNPUBLISHED
December 2, 2014

No. 315400
Oceana Probate Court
LC No. 11-000055-DE

---

Before: FITZGERALD, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

The trial court granted petitioner's cross-motion for summary disposition. Respondent now appeals and we reverse.

In November 2012, the Oceana County probate court entered an order granting petitioners' cross-motion for summary disposition pursuant to MCR 2.116(C)(10) and denying respondent's motion. Decedent had executed three separate wills, all of which dictated that the remainder of her estate be divided into three equal shares for her daughters; this includes her most recent will executed in May 2006. Before her death, decedent purchased four annuities through Huntington Bank, naming respondent as sole beneficiary of all four. When decedent named only respondent as a beneficiary, Kelsey Smith, who worked at the bank, asked why she wanted respondent to be the sole beneficiary, and decedent responded, "Angela knows what I want done with it." Smith also stated in her deposition that decedent had made comments to her about decedent's daughters' lack of knowledge on handling money and that decedent was afraid they would spend all the money too quickly. Theresa Mouw was a Huntington financial advisor who worked with decedent as well and discussed the adverse tax implications of a single beneficiary with decedent.

At the close of discovery, all parties filed motions for summary disposition pursuant to MCR 2.116(C)(10). Respondent argued that decedent's will was plain and unambiguous, and by

its plain terms the will did not consider the annuity benefits as being included in the residue of the estate. Therefore, a resort to extrinsic evidence to prove otherwise was unnecessary. Petitioners wanted the extrinsic evidence admitted to clarify decedent's intentions, which were that the parties were to share the annuity benefits equally.

The court held the decedent intended the annuities to be shared equally between the parties. "It is clear to me that [the decedent] intended for her will to provide equally for her daughters and that the provisions of Section IV were intended to accomplish that purpose." The trial court thus denied respondent's motion and granted petitioners' motions under MCR 2.116(C)(10). We disagree.

On appeal, respondent argues that the trial court erred when it held that a latent ambiguity existed in the will and in allowing extrinsic evidence to be used to determine what this ambiguity meant. We agree.

This Court reviews summary disposition rulings de novo. *Walsh v Taylor,* 236 Mich App 618, 621; 689 NW2d 506 (2004). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp,* 469 Mich 177, 183; 665 NW2d 468 (2003). The role of the probate court in will cases is to determine and give effect to the intent of the testator. *In re Bair Estate,* 128 Mich App 713, 716; 341 NW2d 188 (1983).

Throughout decedent's life, she established several joint banking accounts with respondent, which she stated were "for my convenience only," and her will directed that these accounts be included in the residue of the estate:

> "I hereby acknowledge that during my lifetime I have established certain jointly owned money market, checking, and limited liability company bank accounts with my daughter, Angela L. Erdman. I state that these joint account arrangements were made by me for my convenience only, and it was not intended by me that the net balance remaining in each of said accounts at the time of my death would be a gift to my said daughter. Instead, I specifically direct my Co-Personal Representatives that the net balance of each account shall be included in the residue of my estate hereunder."

It is clear that decedent differentiated between bank accounts and her other forms of investments. But an annuity is not a bank account; it is a contract which provides payments at a certain interest rate. Annuities are a form of insurance product, almost the exact opposite of life insurance; they provide financial protection against a very long life by giving a constant stream of income. We agree with respondent that, unlike the other bank accounts which were jointly owned, the annuities were wholly owned by decedent who named respondent as the sole beneficiary, which implies that decedent intended to leave these annuities directly to respondent alone.

There is no ambiguity in the will. Rather, decedent purchased the annuities after executing her last will; as such, the assets that were used to purchase the annuity contracts are no

longer part of the estate. These annuities have an assigned beneficiary (respondent) and, as such, this money belongs directly and solely to her and are not part of the estate in probate.

In light of our conclusion that there was no ambiguity in the will and, therefore, the annuities are not part of the estate, we need not address respondent's remaining issues on appeal.

Reversed.  Respondent may tax costs.

/s/ E. Thomas Fitzgerald
/s/ David H. Sawyer
/s/ Douglas B. Shapiro